SUSAN B. MEYER (SBN 204931)
smeyer@grsm.com
HAZEL MAE B. PANGAN (SBN 272657)
hpangan@grsm.com
HANNAH E. BROWN (SBN 311158)
hbrown@grsm.com
GORDON REES SCULLY
MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

CORT SCHULTZ (SBN 181503)
c.schultz@pacificaseniorliving.com
Pacifica Senior Living LLC
1775 Hancock St. Suite 200
San Diego CA 92110
Telephone: 619.296.9000 x. 185
Fax: 619.296.9090

*Attorneys for Defendant*
*Pacifica Senior Living Management LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HARGIS d/b/a SCOTT HARGIS PHOTO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFICA SENIOR LIVING MANAGEMENT LLC, a California limited liability company, and DOES 1 through 10<br><br>Defendants. | CASE NO. 2:22-cv-06989-MCS-PD<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

-1-

Defendant Pacifica Senior Living Management LLC (hereinafter "Defendant") answers Plaintiff Scott Hargis d/b/a Scott Hargis Photo's Complaint as follows.

## JURISDICTION AND VENUE

1. Defendant denies Plaintiff's allegations of infringement. Defendant admits the remainder of the allegations in this paragraph.

2. Defendant denies Plaintiff's allegations of infringement. Defendant admits the remainder of the allegations in this paragraph.

3. Defendant does not contest that venue is proper and personal jurisdiction exists over it for purposes of this matter. Defendant admits it owns and operates business in California and has a place of business in San Diego, California. Defendant denies any injury to Plaintiff and denies any allegations of infringement in this paragraph.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

5. Defendant denies that it exists under the laws of the state of California because Defendant is a California d/b/a of Delaware company Pacifica Senior Living LLC. Defendants admits the remainder of the allegations in this paragraph.

6. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

## PLAINTIFF'S STATEMENT OF FACTS

7. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

9. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

Gordon & Rees Scully Mansukhani LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

10. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph. Defendant denies any implication that Plaintiff photographed properties when they were "Pacifica communities" because, on information and belief, Plaintiff was hired by a prior owner.

11. Admit.

12. Admit.

13. Deny.

14. Defendant admits that Pacifica has displayed on its website certain photos shown in Exhibit B. Defendant denies it has "exploited" the photos and denies the remainder of the allegations in this paragraph.

15. Defendant admits it is a sophisticated for-profit business with knowledge of copyright law. Defendant admits it owns various trademarks and copyrights and that it policies and protects its own intellectual property. Defendant denies all allegations of infringement, willful infringement, and the remainder of allegations in this paragraph.

16. Defendant denies all allegations of willful and infringing conduct.

17. Defendant denies the photos were featured on its website without license or consent, denies all allegations of infringement, and denies any allegation of a "meritorious basis" for Plaintiff's claims. Defendant admits the remainder of the allegations in this paragraph.

18. Defendant admits it believed it had taken down all images as of April 26, 2021 and admits in response, Plaintiff's representative provided Defendant with links of the alleged infringement. Defendant denies it engaged in any "misrepresentation" and denies the remainder of allegations in this paragraph.

19. Defendant lacks information and belief as to when any information "came to Plaintiff's attention." Defendant denies the remainder of allegations in this paragraph.

20. Deny.

21. Deny.

22. Deny.

23. Defendant lacks information and belief as to what "choice" Plaintiff had to file suit. Defendant denies the remainder of the allegations in this paragraph.

24. Deny.

## FIRST CAUSE OF ACTION

25. Defendant incorporates and re-alleges its responses to the foregoing paragraphs as though fully set forth herein.

26. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

27. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

## PRAYER FOR RELIEF

Defendant denies the allegations of Plaintiff's Prayer for Relief, including denying that Plaintiff is entitled to any relief whatsoever. Defendant requests the Court deny all relief to Plaintiff and enter judgment in Defendant's favor instead.

## DEMAND FOR JURY TRIAL

Defendant does not object to Plaintiff's request for a trial by jury on all issues so triable, in accordance with Federal Rule of Civil Procedure 38.

-4-

DEFENDANT'S ANSWER TO COMPLAINT     Case No. 2:22-cv-06989

## AFFIRMATIVE DEFENSES

Defendant asserts and interposes the following affirmative defenses in response to the allegations in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and for which the law imposes the burden on Defendant, regardless of how such defenses are denominated. Defendant expressly reserves the right to add additional affirmative defenses, and to assert other defenses, which become known through investigation, discovery, or other proceedings, in this matter.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the equitable doctrines of acquiescence, waiver, laches, or estoppel.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's alleged use of any protected photographs was permitted use pursuant to a license, express or implied.

## FIFTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, the Complaint is barred, in whole or in part, by the equitable doctrine of mistake, as any wrongful acts alleged to have been committed by Defendants occurred innocently upon good faith, with a lack of knowledge and/or a lack of willful intent.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's alleged use of any protected photographs was authorized and consented to by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

On information and belief, the works Plaintiff pleads as protected by copyright lack the requisite degree of creativity to merit copyright protection.

### EIGHTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to comply with the statutory formalities for obtaining a copyright registration, and thus the pleaded registrations are invalid or unenforceable.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of misuse of copyright.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred by 17 U.S.C. section 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts occurred before the respective registration of the Plaintiff's alleged works.

### ELEVENTH AFFIRMATIVE DEFENSE

The contents of, and Defendant's alleged use of any protected photographs subject to Plaintiff's copyright infringement claim, is protected by the First Amendment of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

The contents of, and Defendant's alleged use of any protected photographs subject to Plaintiff's copyright infringement claim, is protected by the doctrine of fair use.

### THIRTEENTH AFFIRMATIVE DEFENSE

The work that Plaintiff claims has been infringed is not entitled to copyright protection because the work is in the public domain.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any alleged damages suffered by Plaintiff were not proximately caused by any act or omission by Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's failure to join an indispensable or necessary party.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly mark its alleged copyrighted material and failed to give Defendant sufficient notice.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant denies copyright infringement and denies the accused work is substantially similar to the asserted work, but if there was any use (which is denied) of the asserted work, any alleged use of any protectable expression of ideas from the asserted work is, at most, *de minimis* and therefore not actionable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, Plaintiff has not been damaged in any amount, manner, or at all by reason of any act alleged against Defendant in the Complaint, and the relief sought therefore cannot be granted.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the complained-of actions, to the extent they occurred, were the result of conduct by third parties.

### TWENTIETH AFFIRMATIVE DEFENSE

Should Plaintiff recover damages from this Defendant, Defendant is entitled to indemnification, either in whole or in part, from all persons whose actions proximately contributed to Plaintiff's damages, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

On information and belief, to the extent Plaintiff had any copyright interest in any photographs asserted in the Complaint, he has abandoned or forfeited them.

Gordon & Rees Scully Mansukhani LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of merger.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *scenes a faire*.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the requirements for its request for injunctive relief and has an adequate remedy at law.

Dated: November 18, 2022           GORDON REES SCULLY
                                   MANSUKHANI, LLP

                                   By:  */s/ Hazel Mae B. Pangan*
                                        Susan B. Meyer
                                        Hazel Mae B. Pangan
                                        Hannah E. Brown
                                        Attorneys for Defendant
                                        *Pacifica Senior Living Management LLC*

-8-
DEFENDANT'S ANSWER TO COMPLAINT                Case No. 2:22-cv-06989