**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SCOTT HARGIS, d/b/a SCOTT HARGIS PHOTO, an individual,

Plaintiff,

vs.

PACIFICA SENIOR LIVING MANAGEMENT, LLC, a California limited liability corporation; and DOES 1-10, inclusive,

Defendants.

Case No. 2:22-cv-06989-MCS-PD

**FINAL PRETRIAL CONFERENCE ORDER**

**Pretrial Conference**
Date: November 20, 2023
Time: 2:00 p.m.
Courtroom: 7C
Judge: Mark C. Scarsi

Trial Date: December 5, 2023
Action Filed: September 27, 2022

Following the pre-trial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

**1. <u>THE PARTIES AND PLEADINGS</u>**

The parties are Plaintiff Scott Hargis, d/b/a Scott Hargis Photo ("Plaintiff" or "Hargis"), and Defendant Pacifica Senior Living Management, LLC ("Defendant" or "Pacifica"). Each party has been served and appeared.

The pleadings which raise the issues are: Plaintiff's Complaint, filed on September 27, 2022 (ECF No. 1) and Defendant's Answer, filed on November 18, 2022 (ECF No. 20).

**2. <u>JURISDICTION AND VENUE</u>**

This is a civil action brought under the Copyright Act. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 17 U.S.C. § 501(a) (federal Copyright Act), and 28 U.S.C. § 1338(a) (federal copyright infringement). Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found in and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.

**3. <u>TRIAL DURATION</u>**

The trial will take **<u>two to three</u>** days, including jury selection and jury deliberation.

**<u>Plaintiff and Defendant will each have seven hours to present its case. Time will run against a party whenever it delivers argument or elicits testimony, whether on direct, cross, redirect, or recross. Each party must reserve at least 30 minutes for closing argument.</u>**

**4. <u>JURY TRIAL</u>**

This trial is to be a jury trial. **<u>Plaintiff filed a disputed set of jury instructions and a disputed verdict form. (ECF Nos. 70, 71.)</u> <u>Defendant filed a disputed set of jury instructions and a disputed verdict form. (ECF Nos. 75, 76.) The parties</u>**

**have not yet filed joint proposed jury instructions or a joint verdict form. The deadline to do so has passed, but at the final pretrial conference, the Court granted the parties until November 27, 2023 to submit both to the Court.**

## 5. ADMITTED FACTS

The following facts are admitted and require no proof:

1. Plaintiff is an interior and architectural photographer.
2. He was retained by Atria Management Company to take 61 photos of Atria senior living facilities located in Burlingame, Fresno, Menifee, Sun City, Rancho Penasquitos, Encintas, Chula Vista, California, and Sterling, Virginia. 43 of those photos are at issue in this case.
3. It was determined by the Court that Plaintiff created 41 of the photos and expressly retained the copyright rights to the same, granting Atria limited non-exclusive licenses to make use of the photos for marketing its properties.
4. At least 41 of the 43 photos at issue were registered, naming Plaintiff as the copyright claimant.
5. The photos were registered within the "Group of Published Photographs" registration option, and not identified as compilations.
6. Each of the 43 photos at issue depicts a different subject or location at one of Atria's properties (for instance, a pool, a dining room, or a hair salon).
7. The terms of Plaintiff's non-exclusive licenses, which were set forth on Plaintiff's invoices to Atria, stated that Atria's right to use Hargis's photographs was "not transferable," and that "third-party usage" was prohibited.
8. Defendant thereafter purchased certain properties from Atria, including those senior living facilities at the aforementioned locations in California and Virginia.
9. Following Defendant's acquisition of the senior living facilities, it featured 43 of the photos taken by Plaintiff for Atria on its websites, publicly displaying copies of the photos that were hosted on its servers.

10. The 43 photos used by Defendant constituted a subset of the 61 photos Plaintiff was hired to take.
11. Defendant did not have the authorization or consent of Plaintiff to feature any photos taken by Plaintiff on its websites, and the limited licenses Plaintiff granted to Atria did not allow Defendant to use the photos.
12. On March 30, 2021, Plaintiff's agent at ImageRights International, Inc., contacted Defendant to notify it that 16 of Plaintiff's photos had been featured on two of Defendant's websites—www.pacificamanifee.com and www.pacificaseniorlivingfresno.com—without a license.
13. On April 19, 2021, Plaintiff's agent at ImageRights provided Defendant with the invoice terms for the Menifee and Fresno properties which stated that those licenses were expressly "not transferable," and again informed Defendant that the use of the 16 Photos on www.pacificamanifee.com and www.pacificaseniorlivingfresno.com was not authorized.
14. By May 12, 2021, those 16 photos had been removed from the websites.
15. At some point thereafter, ImageRights discovered that Defendant was using 27 additional photographs on other of Defendant's websites.
16. Five of the photos were still being publicly displayed on Defendant's websites when this lawsuit was filed.

**6. <u>STIPULATED FACTS</u>**

The parties provided the Court with no stipulated facts.

**7. <u>PARTIES' CLAIMS AND DEFENSES</u>**

The Court has already determined that, as a matter of law, Defendant has infringed 43 photographs, 41 of which were owned by Plaintiff. That leaves 2 remaining photographs, over which Plaintiff additionally claims ownership, for the jury's determination. In addition, the jury will determine the statutory damages that Defendant must pay to Plaintiff for its acts of innocent or willful copyright infringement.

**<u>Plaintiff's Remaining Claims</u>**

(a) Plaintiff plans to pursue the following claims against Defendant:

<u>Claim 1</u>: Defendant infringed Plaintiff's copyrights, thereby violating 17 U.S.C. § 501 by infringing up Plaintiff's exclusive rights secured under 17 U.S.C. § 106, including but not limited to the exclusive right to reproduce, publicly display, distribute and/or create derivatives of Plaintiff's works;

<u>Claim 2</u>: Defendant's infringement of Plaintiff's works was willful as per 17 U.S.C. § 504.

(b) The elements required to establish Plaintiff's claims are:

<u>Claim 1</u>: Elements required to establish Plaintiff's claim for copyright infringement:

(1) Plaintiff must show ownership of the works; and

(2) Plaintiff must demonstrate that the Defendant committed an act of "copying" the work by violating at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001).

<u>Claim 2</u>: Elements required to establish that Defendant's copyright infringement was willful:

(1) Defendant infringed the copyright to Plaintiff's works and

(2) (a) Defendant was actually aware of the infringing activity, or

(b) Defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights. *Louis Vuitton Malletier S.A. v. Akanoc Solutions Inc.,* 658 F. 3d 936, 944 (9th Cir. 2011) (citing to *Island Software & Computer Serv., Inc. v. Microsoft Corp*., 413 F.3d 257, 263 (2d Cir. 2005)).

(c) In brief, the key evidence the Plaintiff relies on for each of the claims:

<u>Claim 1</u>: Copyright Infringement

- Invoices and Plaintiff's testimony regarding creation and ownership of the photos;

- The copyright registrations for the photos;
- The photos; and
- The Screenshots of the photos of the Defendant's website and testimony related thereto.

Claim 2: Willful Infringement

- All evidence cited in Claim 1;
- Takedown notices and demand letters sent to Defendant;
- The size and sophistication of Defendant;
- Defendant's failure to perform due diligence prior to its use of the photos;
- Defendant's cooperation, or lack thereof, in addressing the infringement and providing records from which to assess the scale and value of the infringement;
- Defendant's awareness of the license terms governing the photos depicting Atria-purchased properties, and delay in removing such photos.

**Defendant's Affirmative Defenses**

(d) Defendant plans to pursue the following affirmative defenses with their corresponding elements listed below:

**1. First Affirmative Defense: Estoppel.**

The elements of an estoppel defense are: the plaintiff must know the facts underlying the defendant's alleged infringement; the plaintiff must intend the defendant to rely upon the plaintiffs conduct or must act in a way that gives the defendant the right to believe plaintiff intended reliance; the defendant must be ignorant of the true facts, and the defendant must rely on the plaintiff's conduct to its detriment. *Taylor Holland LLC v. MVMT Watches, Inc.*, 2016 U.S.Dist. LEXIS 187379, at *20 (C.D.Cal. Aug. 11, 2016).

**2. Second Affirmative Defense: Waiver.**

Waiver requires a defendant to show that a plaintiff has "intentionally

relinquished or abandoned a known right." *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.,* No. EDCV 11-197 RSWL, 2011 U.S. Dist. LEXIS 96154 at *4 (C.D. Cal. Aug. 25, 2011) (citing *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997)).

**3. Third Affirmative Defense: Unclean Hands.**

"[T]he defense [of unclean hands] has been recognized when plaintiff misused the process of the courts by falsifying a court order or evidence, or by misrepresenting the scope of his copyright to the court and opposing party." *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 990-991 (9th Cir. 2009), quoting 4 Nimmer on Copyright § 13.09[B], (citing *L.A. News Serv. v. Tullo*, 973 F.2d 791, 799 (9th Cir. 1992)) (internal footnotes omitted).

**4. Fourth Affirmative Defense: Innocent Infringement.**

The elements of innocent infringement are: the defendant was not aware that its acts constituted infringement of the copyright; and the defendant had no reason to believe that its acts constituted an infringement of the copyright. *See* Ninth Circuit Manual of Model Civil Jury Instruction §17.36 (2017).

**5. Fifth Affirmative Defense: Copyright Misuse.**

"The copyright misuse doctrine prevents holders of copyrights 'from leveraging their limited monopoly to allow them control of areas outside the monopoly.'" *See* Ninth Circuit Manual of Model Civil Jury Instruction §17.24 (2017).

**6. Sixth Affirmative Defense: Failure to Mitigate Damages.**

To prove failure to mitigate damages, Defendant must prove: that Plaintiff failed to use reasonable efforts to mitigate damages; and the amount by which damages would have been mitigated. *See* Ninth Cir. Model Civil Jury Instruction § 5.3 (2017).

Plaintiff has filed a motion *in limine* with respect to Defense 1-3 and 5-6. Plaintiff did not file a motion *in limine* with respect to Defense 4 (innocent infringement) in light of the Court's findings on summary judgment but reserves his

right of appeal on those findings.

**8. REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1. Whether Plaintiff owned the 2 photographs infringed by Defendant for which triable issues on ownership remain;
2. **Whether Defendant's infringement of 38 of the photos was willful or non-willful;**
3. The amount of statutory damages that should be awarded to Plaintiff;
4. For purposes of statutory damages, whether the 43 photographs each constitute one work, or otherwise constitute parts of 7 compilations or constitute one Work;
5. For any infringement deemed non-willful, whether Defendant is an innocent infringer;
6. Whether Plaintiff is entitled to Injunctive Relief.

**9. DISCOVERY**

All pre-trial discovery is complete.

**10. DISCLOSURE AND EXHIBIT LIST**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made. The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. (ECF No. 55).

**11. WITNESS LISTS**

Witness lists of the parties were filed with the Court on October 30, 2023. (ECF No. 54 (Plaintiff), ECF No. 57 (Defendant)). Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

**12. MOTIONS *IN LIMINE***

Plaintiff filed two motions *in limine* on October 30, 2023. (ECF Nos. 51, 52). Defendant did not file any motions *in limine*.

As discussed at the final pretrial conference, the Court denies Plaintiff's Motion *In Limine* to Preclude Evidence or Argument Related to Certain of Defendant's Affirmative Defenses. The Court disagrees with Plaintiff's assertion that the summary judgment order restricts Defendant's ability to raise four of its affirmative defenses. The Court also disagrees that jury confusion would arise if Defendant asserted these affirmative defenses.

The Court likewise denies Plaintiff's second in Motion *In Limine* to Preclude Evidence or Argument Regarding Website Evidence Not Properly Preserved. Plaintiff asked the Court to prevent Defendant from producing evidence or argument suggesting that it took 22 of the photographs off its website prior to Plaintiff initiating this lawsuit in September 2022. Plaintiff also asks for the imposition of an adverse inference that the infringement of these 22 photographs continued through the date of the filing of the Complaint. In the Court's summary judgment order, it reserved this issue to be determined by the jury. (MSJ Order 30, ECF No. 42.) Moreover, precluding Defendant from introducing evidence to defend itself on the merits is unwarranted. Plaintiff offers no other evidentiary basis for its motion.

13. SANCTIONS

Plaintiff moved for reconsideration of the Court's summary judgment order and for sanctions. (Mot. for Recons., ECF No. 77-1.) Plaintiff alleged Defendant disclosed documents to his counsel on November 15, 2023—well after the discovery deadline passed. (Foss Decl. ¶ 3, ECF No. 77-2.) Plaintiff argued for sanctions in "the form of a jury instruction directing the jury to make an adverse inference as to the content of the information destroyed by Defendant." (Mot. for Recons. 13.) The Court denied Plaintiff's motion but instructed both parties to be prepared to discuss the propriety of sanctions against Defendant at the final pretrial conference. (Order on Mot. for Recons., ECF No. 79.)

At the conference, Defendant's counsel explained the late production of

**documents was due in part to his late entrance into the case on October 30, 2023, (*see* Notices of Appearance, ECF Nos. 49–50), and was an effort, albeit delayed, to comply with his client's discovery obligations. Plaintiff proposed a permissive adverse inference jury instruction that the documents that were produced late were favorable to Plaintiff. Plaintiff proposed an additional instruction that Defendant had an obligation to preserve evidence, that Defendant failed to do so, and that the jury can assume any documents not produced favored Plaintiff.**

**The Court declines to adopt Plaintiff's proposed sanctions. Instead, the Court finds it appropriate to sanction Defendant by amending the summary judgment order to withdraw a ruling favorable to Defendant. *See* Fed. R. Civ. P. 37(b)(2)(A), (c)(1)(C) (authorizing courts to impose "further just orders" for a party's failure to comport with discovery obligations); Fed. R. Civ. P. 54(b) (authorizing courts to revise nonfinal orders at any time). Specifically, the Court withdraws its finding that, as a matter of law, Defendant's infringement of the 16 photographs identified in the March 30, 2021 ImageRights email notifying Defendant that Plaintiff's photographs remained on its website was not willful. (MSJ Order 4, 7–11.) The Court finds this appropriate on the basis that its reasoning at summary judgment rested in part on Defendant's narrative that it promptly removed these 16 photographs from its websites. (*See generally id.*) Because the late document production could support a finding that Defendant did not in fact remove these 16 photographs from its websites after receiving notice from ImageRights, Defendant is not entitled to this finding as a matter of law. As a result of this sanction, the parties now must try whether Defendant willfully infringed 38 of the photographs.**

**14. BIFURCATION**

There will be no bifurcation of the issues.

**15. ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties

having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: November 22, 2023

HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE