UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-06989-MCS-PD | Date | November 30, 2023 |
| Title | *Hargis v. Pacifica Sr. Living Mgmt., LLC* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO QUASH TRIAL SUBPOENA (ECF NO. 88) AND EX PARTE APPLICATION FOR EXPEDITED BRIEFING AND HEARING (ECF NO. 89)

Defendant Pacifica Senior Living Management, LLC, moves to quash a subpoena directed to Defendant's in-house litigation counsel, Cort Schultz, compelling him to testify at trial. (Mot., ECF No. 88.) Defendant also applies ex parte to shorten time on the motion to quash so it may be heard on the first day of trial. (Appl., ECF No. 89.)

The Court on its own motion quashes the subpoena. *See Elite Lighting v. DMF, Inc.*, No. CV 13-1920 JC, 2013 U.S. Dist. LEXIS 201677, at *9 (C.D. Cal. May 6, 2013) ("[T]he Court may . . . *sua sponte* quash improperly issued subpoenas."); *Bridgestone Ams., Inc. v. IBM Corp.*, No. 3:13-cv-1196, 2016 U.S. Dist. LEXIS 205371, at *17–18 (M.D. Tenn. May 16, 2016) (collecting cases). Plaintiff Scott Hargis did not preserve his right to call Mr. Schultz at trial. No party listed Mr. Schultz on the witness lists. (Pl.'s Witness List, ECF No. 54; Def.'s Witness List, ECF No. 57.) The Court's pretrial order prohibits the testimony of any witnesses not

identified on the lists. (FPTCO 8, ECF No. 81.)[1] The pretrial order may be modified "only to prevent manifest injustice," Fed. R. Civ. P. 16(e), a "stringent" standard the party moving to modify the order must meet, Fed. R. Civ. P. 16(e) advisory committee's note to 1983 amendment. Plaintiff has not sought relief from the pretrial order. The Court will allow Plaintiff to bring an oral motion to modify it on the first day of trial, but for now, the subpoena is improper and must be quashed because it subjects Mr. Shultz to "undue burden" in that it would require him to appear to testify at a trial at which he is not authorized to testify. Fed. R. Civ. P. 45(d)(3)(A)(iv).

The Court denies Defendant's application and motion as moot.

**IT IS SO ORDERED.**

---

[1] The pretrial order carves out an exception for witnesses whose testimony will be used solely for impeachment, but Plaintiff's apparent purpose in subpoenaing Mr. Schultz does not bear on impeachment. (*See* Trejo Decl. Ex. B, ECF No. 88-3 ("[W]e intend to call Cort Schultz at trial with regard to his involvement in the withholding and/or spoliation of evidence in this matter.").)