UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SCOTT HARGIS d/b/a SCOTT HARGIS PHOTO, an individual,

Plaintiff,

v.

PACIFICA SENIOR LIVING MANAGEMENT, LLC, a California limited liability company, and DOES 1 through 10 ,

Defendants.

Case No. 2:22-cv-06989-MCS-PD

**ORDER RE: POST-TRIAL MOTIONS (ECF NOS. 110, 112, 113, 115)**

The Court now resolves the post-trial motions in this case. Plaintiff Scott Hargis filed a motion for attorneys' fees. (Fee Mot., ECF No. 110.) Defendant opposed the motion, (Fee Opp'n, ECF No. 123), and Plaintiff replied, (Fee Reply, ECF No. 128). Defendant filed three post-trial motions–(1) a renewed motion for judgment as a matter of law, or alternatively for a new trial, on the issue of willfulness as to the first infringing set of photographs, (First Infring. Mot., ECF No. 112); (2) a renewed motion for judgment as a matter of law, or alternatively for a new trial, on the issue of willfulness as to the second infringing set of photographs, (Second Infring. Mot., ECF No. 113);

(3) a motion for a new trial or remittitur due to an unjust and excessive award, (New Trial Mot., ECF No. 115). Plaintiff opposed all motions. (First Infring. Opp'n, ECF No. 125; Second Infring. Opp'n, ECF No. 126; New Trial Opp'n, ECF No. 127.) Defendant filed replies. (First Infring. Reply, ECF No. 135; Second Infring. Reply, ECF No. 136; New Trial Reply, ECF No. 137.) The Court deems the motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I. BACKGROUND

Plaintiff is an interior and architectural photographer who was retained by Atria Management Company to take photos of several of its senior living facilities. (FPCO 3, ECF No. 81.) Defendant acquired the facilities from Atria and featured 43 of Plaintiff's photographs, taken for Atria, on its websites without Plaintiff's consent or authorization. (*Id.* at 3–4.) In March 2021, Plaintiff's agent, ImageRights International, Inc., contacted Defendant and informed it that 16 of Plaintiff's photos had been featured on its websites and that those photo licenses were not transferable from Atria to Defendant. (*Id.* at 4.) At some point thereafter, ImageRights International, Inc. discovered that Defendant was using 27 additional of Plaintiff's photographs on its websites. (*Id.*) Plaintiff filed suit alleging Defendant infringed his copyrights on the 43 photographs. (*Id.* at 4–5.) The case proceeded to a jury trial on Plaintiff's claims. (Minutes, ECF No. 95.) The jury found that Defendant willfully infringed Plaintiffs' copyrights on 42 of the photos. (Verdict, ECF No. 104.)

## II. RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

### A. Legal Standard

Federal Rule of Civil Procedure 50(b) authorizes a party to renew a motion for judgment as a matter of law submitted under Rule 50(a). In ruling on the renewed motion, a court may: "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b).

/ / /

"The standard for judgment as a matter of law . . . 'mirrors' the summary judgment standard." *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)). A court may grant the motion only if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Jorgensen v. Cassiday*, 320 F.3d 906, 917 (9th Cir. 2003) (citation and internal quotation marks omitted); *accord Ostad v. Or. Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003) ("Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury.").

The Court may not weigh the evidence or assess the credibility of witnesses; instead, the Court must "draw all reasonable inferences in favor of the nonmoving party" and "disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves*, 530 U.S. at 150–51. Any part of the verdict supported by "substantial evidence" must be upheld. *SEC v. Todd*, 642 F.3d 1207, 1215 (9th Cir. 2011). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Id.* (quoting *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007)).

**B. Discussion**

Defendant argues that judgment as a matter of law is appropriate as to the first infringing set of 16 photos (the "First Set") and second infringing set of 22 photos (the "Second Set")[1] because Plaintiff failed to meet his prima facie burden to prove that (1) the First Set was displayed on its websites after Defendant received notice of the infringement in March 2021,[2] (First Infring. Mot. 11–20); (2) Defendant willfully

---

[1] The Second Set comprises two groups totaling 27 photos. The first five photos were found to be willfully infringed at summary judgment and are not at issue in Defendant's motion.

[2] Defendant spills much ink arguing the Court "conclusively established" the First Set was removed from its websites by May 12, 2023. (*See, e.g.*, First Infring. Mot. 11–12.)

infringed the Second Set, (Second Infring. Mot. 10–21). Plaintiff avers the jury reasonably concluded from the evidence in the record that Defendant willfully infringed the First Set, (First Infring. Opp'n 10–16), and that Defendant willfully infringed the Second Set, (Second Infring. Opp'n 15–18).

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (quoting *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005).). Willfulness under the Copyright Act can be proven by circumstantial evidence that gives rise to an inference of willful conduct. *Microsoft Corp.*, 413 F.3d at 264; *see Werner v. Evolve Media, LLC*, No. 2:18-cv-7188-VAP-SKx, 2020 U.S. Dist. LEXIS 126589, at *4 (C.D. Cal. June 22, 2020).

1. First Infringement Motion

"The Court withdr[ew] its [summary judgment] finding that, as a matter of law, Defendant's infringement of the 16 photographs . . . was not willful" because "the late document production could support a finding that Defendant did not in fact remove these 16 photographs from its websites" after receiving an email from ImageRights in March 2021 informing them of the infringement. (FPCO 10.) The evidence presented at trial is consistent with the Court's finding in the FPCO. For example, the jury was presented with an email sent by Defendant's employee, Shannon Olsen, after Plaintiff's lawsuit was filed requesting that all 43 of Plaintiff's photographs be taken down from Defendant's website. (Taggart Decl. Ex. N, ECF No. 112-15.) At trial, Ms. Olsen testified that she did not know if the photos were still on Defendant's websites at the time she sent this email in October 2022. (Taggart Decl. Ex. D at 158–162, ECF No.

---

However, reading the Order as a whole, it is clear the Court's sanctions on Defendant vacated this finding. (FPCO 10.)

112-5.) As Plaintiff concedes, the evidence presented to the jury did not directly support the conclusion that Defendant continued to infringe Plaintiff's copyrights after receiving notice from ImageRights in March 2021. (First Infring. Opp'n 16.) However, it is well established that copyright infringement can be proven through circumstantial evidence. *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1053 (9th Cir. 2020) ("Proof of copyright infringement is often highly circumstantial because direct evidence of copying is rarely available" (cleaned up)). Defendant did not present evidence, nor introduce witnesses, to contradict Plaintiff's aversion that Defendant failed to remove the First Set from its websites after receiving notice from ImageRights in March 2021. At the close of trial, the jury drew on the inferences presented from the evidence in the record and concluded Defendant willfully infringed Plaintiff's copyrights as to the First Set. This conclusion was reasonable. *See Wintaro v. Toshiba Am. Elecs. Comp.*, 274 F.3d 1276, 1287 (9th Cir. 2001) ("When two sets of inferences find support in the record, the inferences that support the jury's verdict of course win the day.")

Viewing the evidence in the light most favorable to Plaintiff, and drawing all reasonable inferences in favor of Plaintiff, substantial evidence supports the jury's conclusion that Defendant willfully infringed the First Set. Defendant's first motion for judgment as a matter of law is denied.

2. Second Infringement Motion

Defendant avers no reasonable jury could have found it willfully infringed the Second Set because Defendant was not aware it was infringing Plaintiff's copyrights and, unlike the First Set, Plaintiff did not notify Defendant of the infringement. (Second Infring. Mot. 2.)

In March 2021, ImageRights notified Defendant that it was infringing his copyrights as to the First Set. (Tehranian Decl. Ex. A at 500–502,[3] ECF No. 125-2.) In

[3] The Court references the page of the transcript as it is displayed in the exhibit.

April 2021, ImageRights notified Defendant that Atria's rights in Plaintiff's photographs were "not transferrable" and could not have been transferred as part of the acquisition. (Taggart Decl. Ex. J, ECF No. 112-11.) In May and December 2021, Defendant purchased more facilities from Atria. (Tehranian Decl. Ex. A at 583–584.) Even after receiving notice from Plaintiff that Defendant infringed his rights as to the First Set, Defendant publicly displayed the Second Set on its websites after acquiring new facilities from Atria in May and December 2021. (*Id.* at 664–672.)

In the Court's summary judgment order, it found "[a] reasonable trier of fact could conclude that as soon as Defendant discovered it lacked the rights to use the disputed photographs at a single facility, it would have been aware 'of a substantial and unjustified risk' it was infringing the copyrights of photographs of other facilities." (SJ Order 30, ECF No. 42.) By failing to "investigate or attempt to determine whether [the Second Set was] subject to copyright protections," after being on notice that it infringed the First Set, it could reasonably be concluded that Defendant acted recklessly. *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017.)

Viewing the evidence in the light most favorable to Plaintiff, and drawing all reasonable inferences in favor of Plaintiff, substantial evidence supports the jury's conclusion that Defendant willfully infringed the Second Set. Defendant's second motion for judgment as a matter of law is denied.

## III. MOTION FOR NEW TRIAL

### A. Legal Standard

"The court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). Rule 59 does not specify the grounds upon which a new trial may be granted, but the Ninth Circuit recognizes that courts are bound by historically recognized grounds. For example, a new trial may be granted "if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d

724, 729 (9th Cir. 2007) (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)). Courts "enjoy[] considerable discretion" in deciding a new trial motion. *Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003) (internal quotation marks omitted).

**B. Discussion**

1. First and Second Infringement Motions

In the alternative to its requests for judgment as a matter of law, Defendant requests that the Court grant it a new trial on the issues of whether Defendant willfully infringed the First and Second Set. (First Infring. Mot. 21; Second Infring. Mot. 21–22.) Both of these requests are based on the same premise–that the jury's finding as to Defendant's willfulness on the First and Second Set "is against the clear weight of the evidence, and judgment thereon would amount to a miscarriage of justice." (*Id.*) As discussed *supra*, the jury's finding that Defendant acted willfully as to the First and Second Sets was reasonable based on the evidence in the record. Therefore, Defendant's first and second motions for a new trial are denied.

2. Motion For New Trial

Defendant offers three primary arguments in its separately filed motion for a new trial, or remittitur, due to an unjust and excessive award: (1) the jury's award was excessive and unreasonable; (2) the jury's award violates due process; (3) Plaintiff's attorneys' remarks throughout trial incited the jury to award excessive damages. (New Trial Mot. 13–25.) The Court addresses each argument in turn.

a. *Request for Judicial Notice*

Defendant requests that the Court take judicial notice of seven orders and one verdict form from other cases. (RJN, ECF No. 114.) A court may take judicial notice of facts not subject to reasonable dispute because they are either generally known or capable of accurate and ready determination. Fed. R. Evid. 201(b). This includes "matters of public record," *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distrib.*, 789 F.2d 1279, 1282 (9th Cir. 1986)),

including a court's own records, *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and the records and proceedings of other courts, *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005).

As such, the Court takes judicial notice of Exhibits 1–8 attached to Defendant's request for judicial notice. (RJN Exs. 1–8, ECF Nos. 114-1 to 114-8.)

b. *Reasonableness of Jury's Award*

Defendant avers it is entitled to a new trial on the question of whether Plaintiff's statutory damages award was excessive because it "is wholly unreasonable and 'shocks the conscience.'" (New Trial Mot. 5.) In support of its argument, Defendant avers the evidence at trial does not rise to the level that supports a finding of awarding maximum statutory damages. (*Id.* at 5–6.) Again, the Court has already found *supra* that the jury's willfulness findings as to the First and Second Set was reasonable based on the evidence in the record. And Defendant does not offer authority that supports its argument that the jury's award was egregious and warrants a new trial or remittitur. (*Id.* at 13–17.) Instead, Defendant cites a string of cases in which courts awarded damages for copyright infringement on a motion for default judgment or where a different jury arrived at a different damages calculation for copyright infringement. *See Disney Enters., Inc. v. Duhy*, CV 09-4718-GHK (FMOx), ECF No. 15 (C.D. Cal. Jan. 25, 2010) (court entered default judgment against defendant for copyright infringement and awarded $10,000 in statutory damages per work); *Rosen v. Martin*, 2:12-cv-00657-FFM, ECF No. 131 (C.D. Cal. May 1, 2014) (jury awarded between $1,000 to $3,000 per work to plaintiff for defendant's willful copyright infringement); *Chosen Figure LLC v. Bobby24*, No. 2:23-cv-04198-DMG (SSCx), ECF No. 23 (C.D. Cal. Nov. 16, 2023) (court entered default judgment against defendant for willful copyright infringement and awarded plaintiff $7,168.75 in statutory damages per work infringed); *Globe Ent. & Media, Corp. v. Glob. Images USA*, No. 2:20-cv-11630-CAS, 2022 U.S. Dist. LEXIS 123358, at *17 (C.D. Cal. July 11, 2022) (entering default judgment against defendant for willful

copyright infringement and awarding plaintiff $30,000 in statutory damages per work infringed); *Phoenix v. Rogue Pictures, Ltd.*, CV 09-9134 PA (PLAx), ECF No. 49 (C.D. Cal. Sept. 13, 2010) (entering default judgment against defendant for copyright infringement and awarding plaintiff $35,000 in statutory damages); *Doe v. Elam*, 2:14-cv-09788, ECF No. 249 (C.D. Cal. Apr. 4, 2018) (entering default judgment against defendant for copyright infringement and awarding plaintiff $450,000 in compensatory damages); *Warner Bros. Ent., Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1074 (C.D. Cal. 2004) (court entered default judgment against defendant for willful copyright infringement and awarded plaintiff $150,000 in statutory damages per work infringed); *Paramount Pictures Corp. v. Does*, No. 2:21-cv-09317-MCS-SK, 2022 U.S. Dist. LEXIS 236227, at *10 (C.D. Cal. Dec. 9, 2022) (court entered default judgment against defendant and awarded plaintiff $150,00 in statutory damages per work). Here, the jury awarded Plaintiff maximum statutory damages per work for Defendant's willful copyright infringement. (Verdict 4.) None of the cases cited in Defendant's motion supports the conclusion that the Court can, or should, issue a new trial based on the jury's award nor remit the awarded damages. Defendant's motion is denied on this basis.

c. *Due Process*

Defendant argues the jury's maximum statutory damages award, totaling $6,300,000, violates the Fourteenth Amendment. (New Trial Mot. 20–22.) To succeed on this argument, Defendant must show the jury's award "is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *St. Louis, I.M. & S.R. Co. v. Williams*, 251 U.S. 63, 66–67 (1919). Defendant avers the penalty is unreasonable in the context of Defendant's conduct, Plaintiff's actual damages, and situations where exorbitant verdicts have been rendered. (New Trial Mot. 21.) "Courts routinely reject substantive due process challenges to statutory damage awards." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, No. C 07-03952 JW, 2010 U.S. Dist. LEXIS 85266, at *45–46 (N.D. Cal. Mar. 19, 2020). And "concerns regarding fair

notice to the parties of the range of possible punitive damage awards . . . is simply not present in a statutory damages case where the statute itself provides notice of the scope of the potential award." *Sony BMG Music Ent. v. Tenenbaum*, 660 F.3d 487, 513 (1st Cir. 2011). Defendant offers no authority, and the Court finds none, where a court found a jury's maximum statutory damages award to a plaintiff for a defendant's willful copyright infringement violated due process. Defendant has failed to meet its burden. Therefore, the motion is denied on this basis.

d. *Plaintiff's Attorneys' Remarks*

Defendant argues it is entitled to a new trial, or remittitur, because Plaintiff's counsel improperly made remarks that "surely contributed to the excessive statutory damages award." (New Trial Mot. 22–25.) Specifically, Defendant argues counsel's: (1) remarks that Pacifica "spoliated, hid, concealed, and destroyed evidence" and (2) references to the size and purported net worth of Pacifica encouraged the jury to return "the grossly excessive statutory damages award." (New Trial Reply 11) (cleaned up).[4]

"Misconduct by trial counsel generally results in a new trial only if the flavor of misconduct sufficiently permeates an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Maxwell v. County of San Diego*, 714 Fed. App'x 641, 645 (9th Cir. 2017). As to Defendant's first complaint, it's unclear Plaintiff's counsel's comments constituted misconducted. As discussed *supra*, there is evidence in the record that supports the conclusion that Pacifica concealed or destroyed evidence of its infringing conduct. (*See, e.g.*, Taggart Decl. Ex. N; Tehranian Decl. Ex. O, ECF No. 125-15; Tehranian Decl. Ex. P, ECF No.

[4] As a threshold matter, it is unsettled in the Ninth Circuit whether a party is required to object to attorney remarks as improper during trial or else waive this objection. Given the lack of controlling precedent on this point, and because there is no authority suggesting the Court must take a position on this issue, the Court abstains from addressing Plaintiff's challenge on this point and instead decides this issue on the merits.

125-16.) That Defendant dislikes this characterization of its conduct does not warrant a finding that Plaintiff's counsels comments related to it were improper.

Similarly, Plaintiff's counsel's comments regarding Defendant's size and purported net worth do not warrant a new trial. Defendant's witness, Mr. Carl Knepler, testified to Defendant's size and sophistication at trial. (*See* Tehranian Decl. Ex. A 671–682.) Defendant provides no authority, and the Court finds none, that references to Defendant's size and profitability are prejudicial in a case seeking statutory damages. Defendant's dislike of Plaintiff' counsel's representations, which its witness testified to in some degree, does not warrant a new trial.

Defendant's motion is denied.

## III. MOTION FOR ATTORNEYS' FEES

### A. Legal Standard

Federal Rule of Civil Procedure 54(d)(2) authorizes a party to make a claim for attorney's fees and related nontaxable expenses by motion. Rule 54 "creates a procedure but not a right to recover attorneys' fees"; the rule requires "an independent source of authority for an award of attorneys' fees." *MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999).

A court may award reasonable fees and costs to a prevailing party in a copyright infringement action. 17 U.S.C. § 505; *see Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). "The touchstone of the decision to award attorneys' fees is whether the success[] [of the prevailing party], and the circumstances surrounding it, further the Copyright Act's 'essential goals.'" *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020) (quoting *Kirtsaeng v. John Wiley & Sons., Inc.*, 576 U.S. 197, 209 (2016)); *see also Greg Young Publishing, Inc. v. Zazzle, Inc.* No. 2:16-cv-04587-SVW-KS, 2018 WL 1626053, at * 2 (C.D. Cal. March 21, 2018) ("[A] court may not treat prevailing plaintiffs and prevailing defendants any differently."). Courts may consider the degree of success obtained, frivolousness, motivation, the objective unreasonableness of the losing party's factual and legal

contentions, and considerations of compensation and deterrence. *Id.* These considerations are not exclusive, and exceptional circumstances are not a prerequisite to an award. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 559 (9th Cir. 1996).

**B. Discussion**

Plaintiff argues he is entitled to attorneys' fees because he is the prevailing party and because the attorneys' fees he seeks are reasonable. (Fee Mot. 3–16.) Plaintiff additionally requests his costs and post-judgment interest. (*Id.* at 21–22.)

1. Attorneys' Fees

a. *Degree of Success*

Plaintiff argues this factor weighs in his favor because the Court found Defendant liable for infringement on 41 of 43 of the photographs at summary judgment and because the jury awarded him $6.3 million. (Fee Mot. 4.) Defendant does not dispute this factor weighs in Plaintiff's favor, but argues this factor is not dispositive in the Court's decision to award fees. (Fee Opp'n 2.)

The Court finds this factor weighs in favor of awarding fees. Plaintiff prevailed on the merits of the case, not a technical defense. *See Spikhin v. Game Insight N. Am.*, No. 14-cv-0483-LHK, 2016 WL 1258690, at *4 (N.D. Cal. Mar. 31, 2016) (concluding success on the merits weighs in favor of an attorneys' fees award more than technical success). Though Defendant is correct that Plaintiff's success is not dispositive. *Actuate Corp. v. Aon Corp.*, 2012 U.S. Dist. LEXIS 118346, at *4 (N.D. Cal. Aug. 21, 2012). Here, Plaintiff prevailed across the board in this case and won a highly favorable ruling from the jury that Defendant willfully infringed 42 of the 43 photographs at issue and awarded Plaintiff maximum statutory damages for the 42 infringements. "This complete success weighs in favor of an award of attorneys' fees." *Tresóna Multimedia, LLC*, 953 F.3d at 653. Therefore, this factor weighs in favor of granting Plaintiff's attorneys' fees.

b. *Objective Reasonableness and Frivolousness*

The Court "examine[s] objective reasonableness next, because that factor is given 'substantial' weight." *Id.* (quoting *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661,

666 (9th Cir. 2018). "A legal argument that loses is not necessarily unreasonable." *Shame on You Prods., Inc.*, 893 F.3d at 666. "A claim is objectively unreasonable where the party advancing it should have known from the outset that its chances of success in the case were slim to none." *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).

The Court acknowledged in its summary judgment order that there were triable issues with respect to: Defendant's argument as to the number of works at issue, (SJ Order 18); whether Plaintiff proved ownership of copyrights for two of the photographs, (*id.* at 24); and Defendant's innocent infringement defense, (*id.* at 27). Defendant prevailed in proving Plaintiff did not own a copyright with respect to one of the photographs. (Verdict 2.) Even though Defendant did not prevail on the remainder of its arguments, the Court did not previously, and does not now, find Defendant's arguments objectively unreasonable. *Tresóna Multimedia, LLC*, 953 F.3d at 653. This factor weighs against attorneys' fees.

"A frivolous claim supports an award of attorneys' fees." *Greg Young Publishing, Inc.*, 2018 WL 1626053 at *5 (C.D. Cal. March 21, 2018). "A frivolous claim is one in which the factual contention is clearly baseless, such as factual claims that are fantastic or delusional scenarios." *Bisson-Dath v. Sony Comput. Ent. Am. Inc.*, 2012 U.S. Dist. LEXIS 103159, at *5 (N.D. Cal. July 24, 2012). For the same reasons that Defendant's arguments were not objectively unreasonable, they are also not frivolous. This factor weighs against attorneys' fees.

c. *Motivation*

"Under this factor, the existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party. A finding of [bad] faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." *Tolkien Trust v. Polychron*, No. 2:23-cv-04300-SVW-E, 2023 WL 9471264, at *11 (C.D. Cal. Dec. 14, 2023) (quoting *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-00496 SOM/BMK, 2015 U.S. Dist. LEXIS 127213, at * 20–21 (D.

Haw. Sept. 23, 2015) (citations omitted). Based on the evidence in the record, Defendant's choice to defend this case was not done in bad faith. Both parties agree there were settlement discussions, (*see, e.g.* Fee Mot. 14 n.11; Fee Opp'n 4), but Defendant elected not to settle based on its belief that "it had the right to use the photographs and the infringement was not only not willful but innocent," (Fee Opp'n 4). While the jury ultimately concluded Defendant willfully infringed the First and Second Set, the evidence in the record was entirely circumstantial–which Plaintiff does not dispute. (First Infring. Opp'n 12–16. ) Plaintiff also does not dispute that it is fathomable that the jury could have inferred from this evidence that Defendant's conduct was innocent. (*Id.* at 14.)

Defendant further avers it elected to defend this case, rather than settle it, because it believed Plaintiff's settlement demand was "excessive given the fact that Plaintiff charged approximately charged $500 per photograph," (Fee Opp'n 4). It is true, had the jury found Defendant innocently infringed Plaintiff's copyrights, that Plaintiff could have prevailed at a mere $750 per photograph. 17 US.C. § 504(c)(1). That the jury found Defendant's infringement willful, and that the jury awarded Plaintiff maximum statutory damages, does not render Defendant's motivation for defending the case as done in bad faith. This factor weighs against awarding attorneys' fees.

d. *Considerations of Compensation and Deterrence*

The final factors for the Court to consider in deciding whether to award attorneys' fees under the Copyright Act are the need to advance considerations of compensation and deterrence. *Tresóna Multimedia, LLC*, 953 F.3d at 653. "When analyzing whether awarding attorneys' fees under the Copyright Act is proper, the most important factor . . . is whether an award will further the purposes of the Act." *Mcrosoft Corp. v. Softwareau.com*, No. CV 15-08019-AB (JEMx), 2016 WL 7647682, at *4 (C.D. Cal. June 22, 2016) (cleaned up).

There is no need to deter a party's choice to defend its non-frivolous legal arguments through trial. *See Epikhin v. Game Insight N. Am.*, No. 14-cv-04383-LHK,

2016 WL 1258690, at *8 (N.D. Cal. Mar. 31, 2016) ("In the instant case, Plaintiffs' claims were not frivolous or objectively unreasonable, and Plaintiffs did not act in bad faith . . . [a]ccordingly, no specific deterrence of Plaintiffs is required."). Plaintiff has received significant compensation deterring Defendant from further infringing his copyrights. The $6.3 million award advances the goals of the Copyright Act by awarding Plaintiff for infringement of his photographs and protecting Plaintiff from continuing infringement by Defendant. This factor weighs against the award of attorneys' fees.

e. *Weighing of Factors*

On balance, the factors do not support an award of attorneys' fees. The only factor that weighs in favor of awarding attorneys' fees to Plaintiff is the degree of his success in the case. By contrast, attorneys' fees will not further the purposes of the Copyright Act, Defendant's defense of the case at trial was neither unreasonable nor frivolous, and there is no need to advance considerations of compensation or deterrence. For these reasons, Plaintiff's request for attorneys' fees is denied.

2. Costs

Plaintiff separately requests that the Court award him costs in the amount of $10,126.128. (Fee Mot. 21.) "For any civil action under the Copyright Act, the district court has discretion to award the recovery of full costs by or against any party other than the United States or an officer thereof, including a reasonable attorney's fee to the prevailing party." *Russell v. Walmart, Inc.*, No. CV 19-5495-MWF (JCx), 2024 WL 305388, at *2 (C.D. Cal. Jan. 2, 2024) (internal quotation marks omitted). Courts analyze an application for a party's costs under the same relevant factors as attorneys' fees. *See, e.g. Greg Young Publishing, Inc.*, 2018 WL 1626053, at *3; *Russell*, 2024 WL 305388, at *2. For the same reason the Court denies Plaintiff's request for attorneys' fees, the Court denies his request for costs.

3. Post-Judgment Interest

Plaintiff also requests that "the final judgment include post-judgment interest

from the date of the entry of the judgment" pursuant to 28 U.S.C. § 1961. (Fee Mot. 21.) Defendant did not oppose Plaintiff's request. (*See generally* Fee Opp'n.) Post-judgment interest is mandatory pursuant to 28 U.S.C. § 1961. *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1056 (9th Cir. 2013). Plaintiff is entitled to interest on the judgment "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment," 28 U.S.C. § 1961(a), "until the judgment is satisfied." *Lagstein*, 725 F.3d at 1056. Judgment has not yet been entered in this case. Plaintiff will be entitled to post-judgment interest that accrues in the above-mentioned way beginning the day judgment is entered up until the judgment is satisfied.

## IV. CONCLUSION

All of Defendants post-judgment motions are denied. Plaintiffs' request for attorneys' fees and costs is denied. Plaintiff is awarded post-judgment interest which will begin to accrue the date judgment is entered in this matter. The Court directs the Clerk to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: May 7, 2024

Mark C. Scarsi

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE