UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                         Date.  March 4, 2025

Title     *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

Present:  The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     **Order Granting in Part Plaintiff's Motion for Attorney Fees and Costs [Dkt. No. 160]**

Plaintiff Scott Hargis, d/b/a Scott Hargis Photo ("Plaintiff") seeks attorney fees and costs caused by the failure of Defendant Pacifica Senior Living Management, LLC ("Defendant") to comply with the Court's September 5, 2024 discovery order (the "Motion").  The Court has conducted several discovery conferences and reviewed the pertinent pleadings [Dkt. Nos. 160, 167, 173-175] and is familiar with the post-judgment discovery disputes in this matter.  For the reasons set forth below, the Motion is granted in part.

## I.    Background

On September 5, 2024, after an informal discovery conference, the Court ordered Defendant to provide supplemental responses to Plaintiff's request for production of documents ("RFPs") and produce responsive documents, along with supplemental responses to Plaintiff's Interrogatories by September 16, 2024.  [Dkt. No. 156.]  The history of the discovery dispute is set forth in an email from Plaintiff's counsel to the Court seeking an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  March 4, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

informal discovery conference.  [*See* Dkt. No. 156-1 at 1-4.]  During the
informal discovery conference, the parties agreed that definitions of "YOU"
and "YOUR" in the RFPs is limited to Defendant.  [*See* Dkt. No. 167-2 at 2.]

    The Court also ordered that if Defendant had responsive information
from July and August 2024 that was not in finalized documents by that date,
they were required to provide Plaintiff with a specific date when they will be
produced.  Finally, the Court noted that Rule 37 of the Federal Rule of Civil
Procedure provides for the shifting of fees and costs in connection with the
failure of a party to comply with discovery or a court order.  [Dkt. No. 156.]

    On September 18, 2024, Plaintiff's counsel sent an email requesting
another informal discovery conference.  [*See* Dkt. No. 157-1 at 2.]  The email
stated that on September 16, 2024, Defendant produced its second
supplemental responses to Plaintiff's first set of RFPs, but that Defendant
did not issue supplemental interrogatory responses, did not produce
documents responsive to the RFPs, and did not provide a date when
documents and information from July and August 2024 would be produced by
the deadlines imposed by the Court.  [*Id.*]  In the email, Defendant stated
that it "was unable to comply with the Court's Order due to the imminent
federal tax filing deadline on September 16, 2024, necessitating the creation,
review and submission of hundreds of returns," that "[t]his substantial
burden made compliance infeasible," and that "Defense counsel was not
informed of the looming federal deadline at the time of the informal discovery
conference and would have requested a later deadline had they known of the
potential conflict."  [*Id.* at 3.]

    At the informal discovery conference on September 24, 2024, the Court
ordered Defendant to provide responses to Plaintiff's special interrogatories

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  March 4, 2025

Title     *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

numbers 1 through 7 by 5:00 p.m. on September 27, 2024.  The Court also set
an in-person discovery hearing on September 30, 2024, and required, among
other things, that Defendant bring to Court responsive documents to the
RFPs that were ordered to be produced on September 16, 2024 as well as a
copy of their supplemental responses to Plaintiff's special interrogatories.
The Court also authorized Plaintiff to bring a motion under Rule 37 of the
Federal Rule of Civil Procedure for fees and costs in connection with
Defendant's failure to comply with discovery and the Court's September 5,
2024 order.  [Dkt. No. 157.]

       At the discovery conference on September 30, 2024, the Court ordered
that Plaintiff may provide a supplement to his request for fees and costs, that
Defendant could submit an optional response thereto, and that Plaintiff could
submit an optional reply.  [Dkt. No. 172.]

## II.    Applicable Law

       "If a party ... fails to obey an order to provide or permit discovery ... the
court where the action is pending may issue further just orders," including
terminating sanctions.  Fed. R. Civ. P. 37(b)(2)(A).  "Instead of or in addition
to the orders above, the court must order the disobedient party, the attorney
advising that party, or both to pay the reasonable expenses, including
attorney's fees, caused by the failure, unless the failure was substantially
justified or other circumstances make an award of expenses unjust."  Fed. R.
Civ. P. 37(b)(2)(C).

       In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court
adopted the lodestar method for calculating attorney's fee awards.  A court
determines the lodestar by multiplying the number of hours reasonably
expended on a particular motion by a reasonable hourly rate.  *Id.* at 433.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date. March 4, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

"Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986).

In determining the reasonable hourly rate of an attorney, courts must look to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The prevailing market rate in the community is indicative of a reasonable hourly rate."). A party seeking attorney's fees must provide "satisfactory evidence ... that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A declaration regarding the prevailing rate in the relevant community is sufficient to establish a reasonable hourly rate. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (internal citation omitted). "When a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates, however, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." *Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009); *see Moreno v. Empire City Subway Co.*, 2008 WL 793605, at *7 (S.D.N.Y. Mar. 26, 2008) (stating that if fee applicant "has submitted no evidence of the prevailing market rate for attorneys of like skill ... it is within [the court's] discretion to determine the reasonable hourly rate ... based on [the court's] familiarity with ... prevailing rates in the [relevant community]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:22-cv-6989-MCS-PDx                          Date.  March 4, 2025

Title        *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*


      In addition to establishing a reasonable hourly rate, a prevailing party in a discovery dispute seeking an award of attorney's fees "bears the burden of proving that the fees and costs taxed are ... reasonably necessary to achieve the result obtained." *Rucker v. Air Ventures Haw., LLC*, No. 16-00492 HG-KSC, 2017 WL 4158201, at *3 (D. Haw. Sept. 19, 2017) (citing *Tirona v. State Farm Mut. Auto Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993)). However, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).  Ultimately, the court must review the time records submitted by the party seeking the fee award to determine whether the hours were reasonably incurred or if "any of the hours were unnecessary, duplicative or excessive," or inadequately documented.  *True Health Chiropractic Inc v. McKesson Corp.*, 2015 WL 3453459, at *1 (N.D. Cal. May 29, 2015) (internal citation omitted).

      Even if there is no objection to the number of hours of work performed by an attorney, district courts "may not uncritically accept a fee request, but must review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Open Source Sec., Inc. v. Perens*, 2018 WL 2762637, at *4 (N.D. Cal. June 9, 2018) (quoting *Common Cause v. Jones*, 235 F. Supp.2d 1076, 1079 (C.D. Cal. 2002)).  Courts may reduce the fee award where the billing records contain insufficiently descriptive entries, reflect block billing, or billing in large time increments. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947-48 (9th Cir. 2007). Moreover, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  March 4, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d
1041, 1045 (9th Cir. 2000) (internal quotation marks and citation omitted).

## III.    Discussion

### A.    The Reasonable Expenses Caused by Defendant's Failure to Comply with the Court Order

The Motion seeks attorney fees and costs.  [*See* Dkt. Nos. 160, 173, 175.]

#### 1.    Reasonableness of Billing Rates

Plaintiff submits two declarations of its counsel Christopher B. Skinner.
[Dkt. Nos. 160, 173.]  Skinner worked on this matter with three additional
attorneys, John Tehranian, Taylor Foss, and Leo Lichtman.  [Dkt. No. 160,
Skinner Decl. ¶ 38.]  Skinner has been practicing law for 10 years, Lichtman
for 11 years, Foss has "over 15 years of litigation experience," and all three
specialize in intellectual property.  This is a copyright case in which Plaintiff
prevailed on copyright infringement claims.  Based on Tehranian's biography,
Tehranian has been practicing law for at least 25 years and has considerable
expertise in intellectual property and entertainment law.  [*See* Dkt. No. 160-
23, Ex. W to Skinner Decl.]  Skinner's hourly rate is $495; Lichtman's hourly
rate is $595; Foss's hourly rate is $695; Tehranian's hourly rate is $795.  [*See*
Dkt No. 160-24, Ex. X to Skinner Decl.]

Defendant does not contest these billing rates, only the number of hours
requested.  Plaintiff cites several cases in which courts in this district have
approved fees at comparable or higher rates, accounting for inflation. *See,
e.g., Russell v. Walmart Inc.*, 2024 U.S. Dist. LEXIS 15631, at *13 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  March 4, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

Jan. 2, 2024) (approving rates ranging from $170 to $775); *Cinq Music Grp.,
LLC v. Create Music Grp., Inc.*, 2023 U.S. Dist. LEXIS 76599, at
* 11 (C.D. Cal. Apr. 26, 2023) (approving $750 and $350); *Washington v.
Viacomcbs, Inc.*, 2021 U.S. Dist. LEXIS 243658, at*10-13 (C.D. Cal. Dec. 9,
2021) (approving rates ranging from $490 to $1000); *WB Music Corp. v. Royce
Int'l Broad. Corp.*, 2018 U.S. Dist. LEXIS 227743, at *13-18 (C.D. Cal. July 9,
2018) (approving  $778.50 rate for senior counsel, $702 for senior associate,
and $495 for junior associate); *AECOM Energy & Constr., Inc. v. Ripley*, 2018
U.S. Dist. LEXIS 27035, at *3 (C.D. Cal. Feb. 16, 2018) (approving $892 for
partner, $554 for associate, and $334 for paralegal); *Perfect 10, Inc. v.
Giganews, Inc.*, 2015 U.S. Dist. LEXIS 54063, at *45 (C.D. Cal. Mar. 24,
2015) (approving rates of $750-$930 for senior partners, $610-750 for junior
partners, and $350-690 for associates); *Burton Way Hotels, Ltd. v. Four
Seasons Hotels Ltd*., 2015 WL 13081297, at *3 (C.D. Cal. Jan. 21, 2015)
(approving partner rate of $886.50 and associate rate of $540);  *Banas v.
Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) (approving hourly
rates ranging from $355 to $1,095 per hour for partners and associates and
$245 to $290 per hour for paralegals).

    Based on a review of these cases and Defendant's not objecting to the
requested rates, the Court concludes that the rates requested by Plaintiff are
reasonable.

## 2.    Reasonableness of Total Hours Billed

    On September 25, 2024, Plaintiff submitted the Declaration of
Christopher Skinner, who is one of the attorneys representing Plaintiff in
this matter.  [Dkt. No. 160.]  Attached to that declaration is a pdf with
numerous redacted entries; the entries that are not redacted are descriptions
of legal services and the fees requested.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  March 4, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| Task & Date | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| 6/17/2024 Review rules governing post-judgment discovery; draft RFPs, ROGs; circulate drafts to legal team for review and revisions; make revisions per instruction from T. Foss; recirculate drafts. | Skinner | 5.6 | 495 | 2772 |
| 6/17/24 Review and analyze draft discovery for enforcement. | Tehranian | .3 | 795 | 238.5 |
| 6/18/2024 Review post-judgment discovery | Lichtman | .2 | 595 | 119 |
| 6/19/2024 review and analyze correspondence regarding same | Tehranian | .2 | 795 | 159 |
| 6/20/2024 Revisions to RFPs, ROGs; email draft discovery requests to legal team for review and revisions; work with legal team on strategy to collect judgment; research where Pacifica banks and where they have property located; email legal team re: same. | Skinner | 3.1 | 495 | 1534.5 |
| 7/3/2024 Review meet and confer letter from opposing counsel; research legal arguments cited in meet and confer letter; email to legal team regarding next steps on meet and confer. | Skinner | 1.9 | 495 | 940.5 |
| 7/3/2024 Review defendant's meet and confer letter and emails with team re same. | Lichtman | .5 | 595 | 297.5 |
| 7/4/2024 Confer with C. Skinner regarding response to Taggart discovery objections, strategy and next steps | Tehranian | .4 | 795 | 318 |
| 7/8/2024 Review and analyze correspondence regarding meet and | Tehranian | .5 | 795 | 397.5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                        Date.  March 4, 2025

Title    _Scott Hargis v. Pacifica Senior Living Management LLC, et al._

| | | | | |
|---|---|---|---|---|
| confer on post-judgment discovery; confer with C. Skinner regarding same | | | | |
| 7/9/2024 Research law on scope of post-judgment discovery; begin outlining motion to compel; emails with legal team and opposing counsel. | Skinner | 3.6 | 495 | 1782 |
| 7/10/2024 Review meet and confer letter from opposing counsel; prepare for meet and confer; participate in meet and confer with T. Foss and opposing counsel. | Skinner | 2.6 | 495 | 1287 |
| 7/10/2024 Meeting and conference of counsel with Chris Skinner and Matt Taggart regarding discovery; research and preparation of documents related to collection of judgment. | Foss | 1.5 | 695 | 1042.5 |
| 7/12/2024 Review and analyze correspondence regarding meet and confer and post-judgment discovery; confer with litigation team regarding strategy. | Tehranian | .4 | 795 | 318 |
| 7/15/2024 Review and analyze correspondence with opposing counsel regarding post-judgment discovery update; confer with C. Skinner regarding update, strategy and response to opposing counsel and next steps | Tehranian | .5 | 795 | 397.5 |
| 7/15/2024 Review emails regarding post-judgment discovery. | Lichtman | .4 | 595 | 238 |
| 7/19/2024 Confer with C. Skinner regarding discovery update blurb and position on discovery | Tehranian | .3 | 795 | 238.5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date. March 4, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| | | | | |
|---|---|---|---|---|
| 7/21/2024 Confer with litigation team regarding next steps on discovery and Rule 37-1 requirements. | Tehranian | .2 | 795 | 159 |
| 7/21/2024 Review local rules regarding discovery disputes and emails with team regarding same. | Lichtman | .2 | 595 | 119 |
| 7/24/2024 Review Pacifica post-judgment discovery responses; outline arguments for meet and confer; call with T. Foss to strategize for meet and confer; meet and confer with L. Bautista and M. Taggart. | Skinner | 3.9 | 495 | 1930.5 |
| 7/24/2024 Confer with C. Skinner regarding discovery meet and confer | Tehranian | .4 | 795 | 318 |
| 7/24/2024 Continue to review caselaw concerning fees and costs to help with appeal strategy. | Lichtman | 5 | 595 | 2975 |
| 8/5/2024 Confer with litigation team regarding production, accounts receivable showing, potential tracing of funds, 30b6 deposition strategy, follow-up regarding additional promised production, strategy and next steps | Tehranian | 1.2 | 795 | 954 |
| 8/5/2024 Analyze and review documents produced by Pacifica in response to post-judgment discovery | Foss | .5 | 695 | 347.5 |
| 8/7/2024 Confer with C. Skinner regarding deficient RFP responses on judgment discovery and next steps; meet and confer strategy and next steps | Tehranian | .4 | 795 | 318 |
| 8/8/2024 Review additional documents produced by Defendant | Skinner | .5 | 495 | 247.5 |
| 8/9/2024 Prepare for and participate in meet and confer. | Skinner | 1.1 | 495 | 544.5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  March 4, 2025

Title      _Scott Hargis v. Pacifica Senior Living Management LLC, et al._

| | | | | |
|---|---|---|---|---|
| 8/15/2024 Prepare for and participate in meet and confer. | Skinner | 1.1 | 495 | 544.5 |
| 8/16/2024 Call with client; emails with opposing counsel; research re enforcement of judgment; review documents. | Skinner | 1.3 | 495 | 643.5 |
| 8/18/2024 Review and analyze correspondence regarding motion to compel strategy and next steps and communications with opposing counsel regarding final meet and confer efforts; confer with C. Skinner regarding same | Tehranian | .2 | 795 | 159 |
| 8/19/2024 Prepare for and participate in meet and confer. | Skinner | 1.1 | 495 | 544.5 |
| 8/19/2024 Confer with C. Skinner regarding meet and confer, strategy, final deadline in advance of magistrate intervention | Tehranian | .5 | 795 | 397.5 |
| 8/19/2024 Meeting and conference of counsel regarding post-judgment discovery deficiencies | Foss | .6 | 695 | 417 |
| 8/20/2024 Prepare for and participate in meet and confer. | Skinner | 1.1 | 495 | 544.5 |
| 8/20/2024 Confer with C. Skinner regarding follow up meet and confer with M. Taggert and next steps; review and analyze new production. | Tehranian | .6 | 795 | 477 |
| 8/21/2024 Prepare for and participate in meet and confer. | Skinner | 1.1 | 495 | 544.5 |
| 8/21/2024 Review general ledger documents produced by opposing | Skinner | 5.8 | 495 | 2871 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-6989-MCS-PDx                          Date.  March 4, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| | | | | |
|---|---|---|---|---|
| counsel; strategize with legal team re general ledger documents; calculate money flowing into and out of company accounts; cross-reference general ledger documents with balance sheets and income statements received previously; research entities appearing on general ledger documents. | | | | |
| 8/21/2024 Confer with C. Skinner regarding new Pacifica line-item production and key areas for deposition, next steps and strategy; review and analyze new production; | Tehranian | .8 | 795 | 636 |
| 8/21/2024 Meet and confer with opposing counsel regarding discovery regarding post-judgment discovery deficiencies | Foss | .8 | 695 | 556 |
| 8/22/2024 Review and analyze additional production | Tehranian | 1 | 795 | 795 |
| 8/23/2024 Prepare for and participate in meet and confer. | Skinner | 1.1 | 495 | 544.5 |
| 8/23/2024 Review additional documents produced by opposing counsel; emails with legal team and opposing counsel; | Skinner | 2.2 | 495 | 1089 |
| 8/26/2024 Meet and confer with opposing counsel; draft discovery dispute email to Judge Donahue; circulate discovery dispute email to legal team; research case law to support legal arguments in email; | Skinner | 5.3 | 495 | 2623.5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date. March 4, 2025

Title     *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| | | | | |
|---|---|---|---|---|
| work with opposing counsel to finalize discovery dispute email. | | | | |
| 8/26/2024 Review and analyze draft motion to compel notice to magistrate; confer with C. Skinner regarding same | Tehranian | .5 | 795 | 397.5 |
| 8/26/2024 Review motion to compel | Lichtman | .3 | 595 | 178.5 |
| 8/26/2024 Meet and confer with opposing counsel regarding discovery regarding post-judgment discovery deficiencies | Foss | 1 | 695 | 695 |
| 8/27/2024 Review and analyze correspondence regarding meet and confer, Pacifica revisions, available hearing dates and related issues; confer with C. Skinner regarding response; review and analyze correspondence regarding statement to magistrate; confer with C. Skinner regarding same, strategy and next steps | Tehranian | .9 | 795 | 715.5 |
| 8/30/2024 Reach out to magistrate's chambers regarding discovery dispute hearing; review documents produced to try and narrow the issues; emails with legal team; emails with opposing counsel. | Skinner | 1.2 | 495 | 594 |
| 9/2/2024 Strategize with legal team and follow up emails on ideas to get Pacifica to produce documents and provide information via interrogatories; research re same. | Skinner | .6 | 495 | 297 |
| 9/3/2024 Review and analyze correspondence regarding discovery | Tehranian | .3 | 795 | 238.5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  March 4, 2025

Title     *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| | | | | |
|---|---|---|---|---|
| request definitions of YOU and confer with C. Skinner regarding strategy regarding same and update on magistrate call | | | | |
| 9/4/2024 Emails with opposing counsel regarding discovery conference; coordinate with legal team about discovery conference; prepare for discovery conference; outline arguments for discovery conference; call with J. Tehranian re.: discovery conference. | Skinner | 3.5 | 495 | 1732.5 |
| 9/5/2024 Confer with C. Skinner regarding motion to compel hearing, results, next steps and strategy | Tehranian | .2 | 795 | 159 |
| 9/5/2024 Finalize preparations for discovery conference; participate in discovery conference. | Skinner | 1.2 | 495 | 594 |
| 9/6/2024 Review and analyze court order on motion to compel | Tehranian | .1 | 795 | 79.5 |
| 9/13/2024 Review and analyze correspondence regarding motion hearing date and meet and confer requirement | Tehranian | .2 | 795 | 159 |
| 9/16/2024 Confer with C. Skinner regarding same, document production deadline and next steps | Tehranian | .2 | 795 | 159 |
| 9/16/2024 Review court order; prepare draft email to send to chambers regarding Defendant's failure to adhere to court order. | Skinner | 1.3 | 495 | 643.5 |
| 9/17/2024 confer with C. Skinner regarding magistrate follow-up on non- | Tehranian | 1.1 | 795 | 874.5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  March 4, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| | | | | |
|---|---|---|---|---|
| production; review and analyze draft notification and meet and confer email to opposing counsel regarding same and revisions; confer with C. Skinner regarding meet and confer and next steps | | | | |
| 9/17/2024 Meet and confer with counsel for Pacifica regarding failure to comply with court order | Foss | .5 | 695 | 347.5 |
| 9/18/2024 Coordinate response to failure by Pacifica to obey court order; edit and revise email to Magistrate Donahue pursuant to Magistrate's procedures | Foss | .5 | 695 | 347.5 |
| 9/23/2024 Preparation for informal discovery conference before Magistrate Donahue; analyze outline for informal discovery Conference | Foss | .5 | 695 | 347.5 |
| 9/24/2024 Confer with C. Skinner in preparation for magistrate hearing; confer with C. Skinner regarding outcome of magistrate hearing, order on production and sanctions, preparation of fees declaration and next steps; review and analyze draft entries and confer with C. Skinner regarding declaration, relevant fees and filing of same | Tehranian | 1.3 | 795 | 1033.5 |
| 9/24/2024 Prepare for discovery hearing with magistrate; prepare extensive outline for arguments to make at hearing; strategize with legal team regarding arguments. | Skinner | 3.8 | 495 | 1881 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  March 4, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| | | | | |
|---|---|---|---|---|
| 9/24/2024 Prepare for and attend informal discovery conference related to failure of Pacifica to obey court order | Foss | 1 | 695 | 695 |
| 9/25/2024 Finalize preparation for hearing; participate in discovery hearing with magistrate. | Skinner | 1.2 | 495 | 594 |
| 9/25/2024 Review file related to discovery dispute, including emails, filings, documents produced, and discovery; prepare declaration in support of fees and costs under Rule 37; circulate draft declaration to legal team for review and revisions; collect exhibits to attach to Declaration; draft application to seal; make revisions to Declaration per instruction from colleagues; work with V. Soriano to get draft Declaration and Application to seal on file | Skinner | 5.9 | 495 | 2920.5 |

[*See* Dkt. No. 160-24, Ex. X to Skinner Decl.]  The total amount set forth in the above chart is $49,063.50.

   Defendant submitted objections to this amount on the grounds that Plaintiff seeks fees for work predating the September 5, 2024 Order, and that while Defendant admits its failure to comply fully with that order, Plaintiff is only entitled to fees for work performed seeking Defendant's compliance after September 5, 2024.  [*See* Dkt. No. 167 at 2.]  Defendant further notes that at the September 24, 2024 hearing, the Court recognized that Defendant had provided supplemental responses to the RFPs, so that an award of fees must be limited to the costs incurred in connection with obtaining supplemental responses to the interrogatories.  Finally, Defendant contends that only fees which were reasonably incurred can be awarded, and that the entries above

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-6989-MCS-PDx                              Date.  March 4, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

show block billing, interoffice communications, and time spent on ministerial tasks.  [*Id.*]

Plaintiff submitted a Supplemental Skinner Declaration that attaches redacted time records for this matter for June 17, 2024, through October 4, 2024.  [Dkt. No. 173-1.]  The Court presumes that the entries for June 17, 2024 through the first two entries for September 25, 2024, are identical to those in the records submitted at Dkt. No. 160-24.

The supplemental entries are as follows:

| Task & Hours | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| 9/25/2024 Review and revise Declaration from C. Skinner; call with C. Skinner re same | Foss | .5 | 695 | 347.5 |
| 9/27/2024 Review documents produced by Pacifica; cross reference document production with what had been produced to date to determine if Pacifica made a fulsome production; review interrogatory responses; cross reference interrogatory responses to determine if they're complete; review documents cited in interrogatory responses to determine completeness; emails with legal team regarding Monday's hearing. | Skinner | 3.6 | 495 | 1782 |
| 9/29/2024 Confer with C. Skinner regarding draft supply in support of fees/sanctions and strategies regarding same; review and analyze draft reply brief; confer with C. Skinner regarding same | Tehranian | 2.1 | 795 | 1669.5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date. March 4, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| | | | | |
|---|---|---|---|---|
| 9/29/2024 Review Pacifica Opposition to Declaration for fees; research authority cited by Pacifica in Opposition; research counter authority to that cited by Pacifica; outline Reply in support of Opposition; call with J. Tehranian regarding Reply brief. | Skinner | 3.2 | 495 | 1584 |
| 9/29/2024 Draft Reply in support of Declaration for fees; circulate draft brief to legal team for review and revisions. | Skinner | 6.9 | 495 | 3415.5 |
| 9/30/2024 Confer with C. Skinner and T. Foss regarding hearing, results, discovery supplements, fees motion and next steps; review and analyze discovery materials to ascertain production to date and needed responses | Tehranian | .4 | 795 | 318 |
| 9/30/2024 Finalize preparation for in-person hearing; travel to and attend in-person hearing. | Skinner | 3.4 | 495 | 1683 |
| 9/30/2024 Prepare for hearing on discovery violations and Pacifica's violation of Court Order; review briefing and discovery to date; outline arguments to make at hearing; consult with J. Tehranian and T. Foss about hearing | Skinner | 3.5 | 495 | 1732.5 |
| 9/30/2024 Review and revise reply brief in support of declaration of fees in response to order granting fees as to motion to compel | Foss | .5 | 695 | 347.5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  March 4, 2025

Title     _Scott Hargis v. Pacifica Senior Living Management LLC, et al._

| | | | | |
|---|---|---|---|---|
| 9/30/2024 Prepare for, travel to, and attend hearing before Magistrate Donahue | Foss | 3.5 | 695 | 2432.5 |
| 10/4/2024 Review and revise previous declaration; parse out work from spreadsheet focused on RFP responses; research arguments to put in footnotes to rebut Pacifica arguments; consult with T. Foss and J. Tehranian re. supplemental spreadsheet; finalize draft supplemental spreadsheet. | Skinner | 495 | 2.2 | 1089 |

[Dkt. No. 173-1.]  These additional entries total $16,401.  Added to the $49,063.50, the total fees requested is $65,464.50.

Plaintiff states that these additional entries contain no time entries after September 5, 2024 in which counsel worked on Defendant's supplemental responses to Plaintiff's first set of RFPs, because at the September 5, 2024 hearing the Court determined that Defendant adhered to the September 5 order only as it pertains to Defendant's supplemental responses to Plaintiff's first set of RFPs.  [Dkt. No. 173, ¶ 52.]

Plaintiff also requests costs of $138.40 for utilization of Nationwide Legal and $139 for utilization of SABP.  [Dkt. Nos. 173, ¶¶ 53, 54, 173-2, 173-3.]

Defendant objected to  Plaintiff's supplemental submission on the same ground as the initial submission and cites to block billing, among other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  March 4, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

things.  [*See* Dkt. No. 174.]  Defendant proposes a 50% reduction of the
supplemental amount sought by Plaintiff.[1]  [Id.]

Finally, Plaintiff filed a reply stating that it seeks fees and costs
pursuant to Rule 37(b)(2) and Rule 37(a)(5)(A).  [Dkt. No. 175.]

Rule 37(b)(2) provides that if a party fails to obey an order to provide
discovery, the court must order the disobedient party, the attorney advising
that party, or both to pay the reasonable expenses, including attorney's fees,
caused by the failure, unless the failure was substantially justified, or other
circumstances make an award of expenses unjust.  *See* Fed. R. Civ. P.
37(b)(2).  As set forth above, on September 5, 2024, the Court ordered
Defendant to provide supplemental responses to Plaintiff's RFPs and to
produce responsive documents, along with supplemental responses to
Plaintiff's Interrogatories by September 16, 2024; the Court further ordered
that if Defendant has responsive information from July and August 2024 that
are not finalized by that date, they shall provide Plaintiff with a specific date
when they will be produced.  [*See* Dkt. No. 156.]

Defendant failed to obey the September 5, 2024 order by failing to
produce the documents by the September 16, 2024 deadline, failing to issue
supplemental interrogatory responses by the September 16, 2024 deadline,
and failing to provide a date certain when Defendant would provide
documents and information from July and August 2024.  [Dkt. No. 173 ¶ 31.]
Defendant complied with the order by providing supplemental responses to
the RFPs by the September 16, 2024 deadline.  [Dkt. No. 174 at 3.]  The

---

[1] Defendant states that the supplemental amount sought by Plaintiff is
$15,380.  [Dkt. No. 174 at 4.]  As set forth above, the Court calculates that amount
at $16,401.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date. March 4, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

failure was not substantially justified, and Defendant has not set forth any other circumstances that would make an award of expenses unjust. That Defendant was occupied complying with a tax deadline does not excuse its failure to respond to long-pending discovery requests by the deadline set by the Court. Indeed, Defendant's objection is not to the fact of an award of fees and costs; Defendant's objection is to the amount sought by Plaintiff.

As a result of Defendant's failure to comply fully with the Order, Plaintiff incurred fees identified for the period beginning September 16, 2024 – the deadline to comply set forth in the Order – through October 4, 2024. Under Rule 37(b)(2), Defendant should be ordered to pay the attorney's fees "caused by" Defendant's failure to comply with the Order. The Court is familiar with the post-judgment discovery disputes in this matter, including the dispute underlying this order. The entries are sufficiently detailed for the Court to assess whether the fees were "caused by" the failure to comply and to assess whether the number of hours was reasonable expended. *See Kim v. Fujikawa*, 871 F.2d 1427, 1435 (9th Cir. 1989) (district court was "in the best position to determine in the first instance the number of hours reasonably expended"); *Infanzon v. Allstate Ins. Co.*, 2024 WL 3631140, at * 2 (9th Cir. Aug. 2, 2024). After carefully reviewing the entries, the Court concludes that those listed below are sufficiently detailed and related to tasks that resulted from Defendant's failure to comply with the Order. The Court also concludes that the number of hours, with the exceptions noted below, was reasonable. Entries indicating that more than one attorney performed the same task have been removed, as it is not reasonable to require Defendant to pay for duplicative work.

| | | | | |
|---|---|---|---|---|
| 9/16/2024 Review court order; prepare draft email to send to chambers | Skinner | 1.3 | 495 | 643.5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date. March 4, 2025

Title    _Scott Hargis v. Pacifica Senior Living Management LLC, et al._

| | | | | |
|---|---|---|---|---|
| regarding Defendant's failure to adhere to court order. | | | | |
| 9/17/2024 confer with C. Skinner regarding magistrate follow-up on non-production; review and analyze draft notification and meet and confer email to opposing counsel regarding same and revisions; confer with C. Skinner regarding meet and confer and next steps | Tehranian | 1.1 | 795 | 874.5 |
| 9/17/2024 Meet and confer with counsel for Pacifica regarding failure to comply with court order | Foss | .5 | 695 | 347.5 |
| 9/24/2024 Prepare for discovery hearing with magistrate; prepare extensive outline for arguments to make at hearing; strategize with legal team regarding arguments. | Skinner | 3.8 | 495 | 1881 |
| 9/24/2024 Prepare for and attend informal discovery conference related to failure of Pacifica to obey court order | Foss | 1 | 695 | 695 |
| 9/25/2024 Finalize preparation for hearing; participate in discovery hearing with magistrate. | Skinner | 1.2 | 495 | 594 |
| 9/25/2024 Review file related to discovery dispute, including emails, filings, documents produced, and discovery; prepare declaration in support of fees and costs under Rule 37; circulate draft declaration to legal team for review and revisions; collect exhibits to attach to Declaration; draft application to seal; make revisions to Declaration per instruction from colleagues; work with V. Soriano to get | Skinner | 5.9 | 495 | 2920.5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  March 4, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| | | | | |
|---|---|---|---|---|
| draft Declaration and Application to seal on file | | | | |

| | | | | |
|---|---|---|---|---|
| 9/25/2024 Review and revise Declaration from C. Skinner; call with C. Skinner re same | Foss | .5 | 695 | 347.5 |
| 9/27/2024 Review documents produced by Pacifica; cross reference document production with what had been produced to date to determine if Pacifica made a fulsome production; review interrogatory responses; cross reference interrogatory responses to determine if they're complete; review documents cited in interrogatory responses to determine completeness; emails with legal team regarding Monday's hearing. | Skinner | 3.6 | 495 | 1782 |
| 9/29/2024 Review Pacifica Opposition to Declaration for fees; research authority cited by Pacifica in Opposition; research counter authority to that cited by Pacifica; outline Reply in support of Opposition; call with J. Tehranian regarding Reply brief. | Skinner | 3.2 | 495 | 1584 |
| 9/29/2024 Draft Reply in support of Declaration for fees; circulate draft brief to legal team for review and revisions. | Skinner | 6.9<br><br>** Cut by half to 3.45 | 495 | 3415.5<br><br>** Cut by half to 1707.75 |
| 9/30/2024 Finalize preparation for in-person hearing; travel to and attend in-person hearing. | Skinner | 3.4 | 495 | 1683 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  March 4, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| | | | | |
|---|---|---|---|---|
| 9/30/2024 Prepare for hearing on discovery violations and Pacifica's violation of Court Order; review briefing and discovery to date; outline arguments to make at hearing; consult with J. Tehranian and T. Foss about hearing | Skinner | 3.5<br><br>** Cut by half to 1.75 | 495 | 1732.5<br><br>** Cut by half to 866.25 |
| 9/30/2024 Review and revise reply brief in support of declaration of fees in response to order granting fees as to motion to compel | Foss | .5 | 695 | 347.5 |
| 9/30/2024 Prepare for, travel to, and attend hearing before Magistrate Donahue | Foss | 3.5 | 695 | 2432.5 |
| 10/4/2024 Review and revise previous declaration; parse out work from spreadsheet focused on RFP responses; research arguments to put in footnotes to rebut Pacifica arguments; consult with T. Foss and J. Tehranian re. supplemental spreadsheet; finalize draft supplemental spreadsheet. | Skinner | 495 | 2.2 | 1089 |

The above fees total $19,795.50.  Adding the costs of $138.40 for Plaintiff's utilization of Nationwide Legal and $139 for utilization of SABP, the total is $20,072.90.  [Dkt. Nos. 173, ¶¶ 53, 54, 173-2, 173-3.]

Plaintiff also seeks fees pursuant to Fed.R.Civ.P. 37(a)(5)(A) provides that if a motion to compel discovery is granted, the Court may "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fees that are "directly and reasonably incurred" in filing a discovery motion are to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  March 4, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

be awarded.  *Balla v. Idaho*, 677 F.3d 910, 921 (9th Cir. 2012).  In this case, the Court ordered Defendant to produce the above-referenced discovery at the informal discovery conference on September 5, 2024.  Plaintiff did not have to file a motion to compel pursuant to Local Rule 37 to obtain the discovery order.  Costs incurred in preparing for and participating in the informal discovery conference – which did not lead to a Local Rule 37 motion  – appears to fall outside the purview of Rule 37(a)(5)(A).  Consequently, the Court declines to order fees pursuant to Rule 37(a)(5)(A).

## IV.    Order

For the reasons set forth above, Defendant Pacifica Senior Living Management LLC is ordered to pay Plaintiff Scott Hargis, d/b/a Scott Hargis Photo, **$20,072.90**, which are the reasonable fees and costs caused by Defendant's failure to comply with the Court's September 5, 2024 order.

This amount shall be paid by Defendant Pacifica Senior Living Management LLC, and not by counsel for Defendant, as the record shows that Defendant, not counsel, was primarily responsible for the failure to comply with the Order.

Defendant shall pay this amount to Plaintiff no later than **March 14, 2025**.

IT IS SO ORDERED.