UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HARGIS,<br><br>    Plaintiff/Judgment Creditor,<br><br>v.<br><br>PACIFICA SENIOR LIVING MANAGEMENT LLC,<br><br>    Defendant /Judgment Debtor. | Case No. 2:22-cv-6989-MCS-PDx<br><br>CERTIFICATION OF FACTS AND ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT |

Plaintiff and Judgment Creditor Scott Hargis ("Plaintiff") has moved for an order finding Defendant and Judgment Debtor Pacifica Senior Living Management, LLC ("Defendant") in contempt for failing to comply with this Court's December 19, 2024 Order.

**I.    Background**

On December 19, 2024, the Court conducted an informal discovery conference to address Defendant's failure on several occasions to produce documents responsive to Plaintiff's Requests for Production of Documents ("RFPs"). The email attached to the December 19, 2024 order contains the details of Defendant's multiple failure to produce documents. [*See* Dkt. No.

212-1.] At the December 19, 2024 conference, the Court ordered in pertinent part:

> 1. By December 27, 2024, Defendant will produce the documents identified in Issues One, Two and Three of the email.
>
> 2. By January 3, 2025, the parties will submit a joint status report regarding whether that production was completed.
>
> 3. If the production was not completed, the parties will appear in person, in Courtroom 580 of the Roybal Federal Courthouse, on January 7, 2025 at 10:00 a.m. for a Discovery Status Conference. Both parties will bring the documents that were produced and will review them in the courtroom. The parties will address specifically which documents were not produced. An employee or agent of Defendant with knowledge of the requested documents must attend the Discovery Status Conference in person.

[Dkt. No. 212 at 1-2.]

On January 3, 2025, the parties submitted the Joint Status Report. [Dkt. No. 214.] On January 6, 2025, the parties submitted the "Corrected Joint Status Report Re: Document Production." [Dkt. No. 215-1.]

As to the documents identified in Issue One, on December 27, 2024, Defendant updated its response to state that it is not in possession, custody or control of any responsive documents. [Id. at 2.] The documents identified in Issue Two are the September and October 2024 balance sheets, income statements, and general ledgers. [Id.] On December 27, 2024, Defendant produced its September 2024 balance sheet, income statement, and general ledger; on December 27, 2024, Defendant did not produce its October 2024 balance sheet, income statement or general ledger. [Id.] Defendant did produce its October 2024 balance sheet, income statement, and general ledger

2

on January 3, 2025. [Id.] As to the documents identified in Issue Three, the November 2024 bank statement, Defendant produced it on December 27, 2024. [Id.]

Defendant submitted that all issues raised at the December 19, 2024 informal discovery conference had been resolved and that there was no need for the in-person hearing on January 7, 2025. [Id. at 5.] Plaintiff requested that the hearing remain on calendar because Defendant had not produced its October 2024 balance sheet, income statement, and general ledger by the December 27, 2024 and because "Defendant's persistent and unrepentant discovery misconduct needs to be addressed in person." [Id. at 3.]

The Court did not take the hearing off calendar.

On January 7, 2025, the Court conducted the in-person discovery status conference. An employee or agent of Defendant with knowledge of the requested documents did not attend.

## II. Applicable Law

"With the exception of circumstances not relevant here, Rule 37 authorizes a court to "treat[ ] as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A)(vii). "Civil contempt is appropriate only when a party fails to comply with a court order that is both specific and definite." *Balla v. Idaho State Bd. Of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989).

In the Ninth Circuit, a party alleging that another person should be held in civil contempt must establish by clear and convincing evidence that the alleged contemnor "violated the court order," "beyond substantial compliance," "not based on a good faith and reasonable interpretation of the order." *Labor/Cmty. Strategy Ctr. v. L.A. Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). Clear and convincing evidence is evidence that leaves the factfinder "with a firm belief or conviction

3

that it is highly probable that the factual contentions of the claim or defense are true." *Ninth Cir. Civil Jury Instruction 1.7 Burden of Proof—Clear and Convincing Evidence.*

Once that prima facie showing is made, the burden shifts to the alleged contemnor to "produce evidence explaining [her] noncompliance." *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (citing *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998)). In making a contempt determination, a court may consider "the witness'[s] history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt." *Martinez v. City of Avondale*, No. 12-1837, 2013 WL 5705291, at *4 (D. Ariz. Oct. 18, 2013).

"Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer protections for such sanctions have been required." *Int'l Union v. Bagwell*, 512 U.S. 821, 831 (1994). "Neither a jury trial nor proof beyond a reasonable doubt is required." *Id.* at 827. Civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Id.* Indeed, the Ninth Circuit has held "that finding a party in civil contempt without a full-blown evidentiary hearing does not deny due process of law to a contemnor." *Ayres*, 166 F.3d at 995 (citations omitted). While the Ninth Circuit has instructed that contempt sanctions ordinarily should not be imposed "solely on the basis of affidavits," where the contemnor "[does] not present any arguments which create[ ] any material issue of fact, due process [does] not require an evidentiary hearing prior to a finding of contempt." *Id.* at 995-96 (citations and quotation marks omitted); *RG Abrams Ins. v. Law Offices of C.R. Abrams*, No. 2:21-cv-00194-FLA (MAAx), 2021 WL 5213103, at * 4-5 (C.D. Cal. Nov. 9, 2021).

When an act "constitut[ing] a civil contempt" occurs in a discovery-related proceeding,

4

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii); *see also Assignment of Duties to Magistrate Judges*, C.D. Cal. Gen. Order 05-07 (2005).

In certifying the facts under § 636(e), the magistrate judge's role is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt. *See Proctor v. State Gov't of N.C.*, 830 F.2d 514, 521 (4th Cir. 1987); *Aguilar v. City of Azusa*, No. CV14-9183-GW (JPRx), 2016 WL 11755112, at * 2 (C.D. Cal. Jan. 5, 2016).

### III.  Certification of Facts

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the following facts to the district judge assigned to this matter:

1.  On December 19, 2024, the Court ordered Defendant to produce the documents identified in Issues One, Two and Three of the December 18, 2024 email attached to the Order by December 27, 2024.

2.  The Court ordered that if the production was not completed, the parties were to appear in person in Courtroom 580 of the Roybal Federal Courthouse, on January 7, 2025 at 10:00 a.m. for a Discovery Status Conference. The Court further ordered that an employee or agent of Defendant with knowledge of the requested documents must attend the

Discovery Status Conference in person.

3. Defendant did not produce the documents identified in Issue Two by December 27, 2024.

4. John Cunningham, who is Defendant's Chief Financial Officer, had on his calendar an appointment for a long-standing business meeting to take place on the morning of January 7, 2025, with people coming in from Ohio. [Dkt. No. 223-1, Declaration of John Cunningham, ¶¶ 1, 3.]

5. The scheduling conflict with the January 7, 2025 court appearance did not become apparent to Mr. Cunningham "until the last days leading up to January 7, 2025." [Id. ¶ 4.]

6. Due to this conflict, Mr. Cunningham requested that counsel for Pacifica "request for me to appear remotely, which they did and the Court did not grant." [Id. ¶ 5.]

7. On January 6, 2025, at 10:37 p.m., counsel for Defendant sent an email to the Courtroom Deputy Clerk stating that counsel was informed that the representatives of Defendant would be unable to appear personally for the hearing and requesting permission to appear remotely, if possible. The Courtroom Deputy Clerk did not respond to the email, and the Court did not grant Defendant permission to appear remotely.

8. An employee or agent of Defendant with knowledge of the requested documents did not attend the Discovery Status Conference on January 7, 2025 at 10:00 a.m. in person.

Based on these facts, Plaintiff has shown by clear and convincing evidence that Defendant failed to comply with a clear and definite court order that an employee or agent of Defendant with knowledge of the requested documents must attend the Discovery Status Conference in person. Defendant's Chief Financial Officer John Cunningham had knowledge of the required in-person hearing and chose to attend a business meeting rather

6

than the hearing.

IV. **Order**

IT IS THEREFORE ORDERED that Defendant shall appear before the Honorable Mark C. Scarsi in Courtroom 7C of the United States Courthouse, 350 West First Street, Seventh Floor, Los Angeles, California, on **Monday, April 21, 2025, at 9:00 a.m**., to show cause why Defendant should not be adjudged in contempt by reason of these facts.

DATED: March 24, 2025

*Patricia Donahue*
_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE