John Tehranian (SBN 211616)
Email: jtehranian@onellp.com
Taylor C. Foss (SBN 253486)
Email: tfoss@onellp.com
Leo M. Lichtman (SBN 335779)
Email: llichtman@onellp.com
Christopher S. Skinner (SBN 342830)
Email: cskinner@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:  (949) 258-5081

Attorneys for Plaintiff,
SCOTT HARGIS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HARGIS, d/b/a SCOTT HARGIS PHOTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICA SENIOR LIVING MANAGEMENT, LLC, a California limited liability corporation; and DOES 1-10, inclusive<br><br>Defendant. | Case No.: 2:22-cv-06989-MCS-PD<br>Hon. Patricia Donahue<br><br>**[DISCOVERY MATTER]**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. CIV. P. 37(a)(5)(A)**<br><br>Date:    May 16, 2025<br>Time:    1:30 p.m.<br>Crtrm:   580 |

# **TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................. 1

II.     BACKGROUND ................................................................................... 2

III.    ARGUMENT ....................................................................................... 5

        A.      Substantial Justification Standard. ............................................. 5

        B.      Defendant's Objections Were Boilerplate and Sanctionable. ................ 6

        C.      Defendant's Objections Were Not Substantially Justified. .................... 7

        D.      Defendant's Law Firm Lewis Brisbois Bisgaard & Smith LLP
                Should be Held Jointly and Severally Liable for Plaintiff's
                Reasonable Expenses, Including Attorneys' Fees. .............................. 13

        E.      This Entire Briefing was Avoidable. ............................................. 14

        F.      Plaintiff Reasonably Incurred $36,170 in Attorneys' Fees and
                Costs. ........................................................................................... 16

                1.      Standard. ........................................................................ 16

                2.      One LLP's Rates are Eminently Reasonable. ........................ 17

                3.      The Number of Hours Expended Was Reasonable. ................ 18

IV.     CONCLUSION .................................................................................. 19

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES AND COSTS**

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*A. Farber and Ptnrs., Inc. v. Garber*,
    234 F.R.D. 186 (C.D. Cal. 2006)....................................................................6

*AECOM Energy & Constr., Inc. v. Ripley*,
    No. 2:17-cv-05398-RSWL-SS, 2018 U.S. Dist. LEXIS 27035 (C.D.
    Cal. Feb. 16, 2018) ......................................................................................18

*Banas v. Volcano Corp.*,
    47 F. Supp. 3d 957 (N.D. Cal. 2014).........................................................18

*Beastie Boys v. Monster Energy Co.*,
    112 F. Supp. 3d 31 (S.D.N.Y. 2015)..........................................................18

*Blanchard v. Cty. of L.A.*,
    No. SA CV 19-02438-JVS, 2020 U.S. Dist. LEXIS 268017 (C.D.
    Cal. July 30, 2020)........................................................................................5

*Bowne of N.Y.C. v. AmBase Corp.*,
    161 F.R.D. 258 (S.D.N.Y. 1995)..................................................................7

*Burton Way Hotels, Ltd. v. Four Seasons Hotels*,
    No. CV 11-303 PSG, 2015 U.S. Dist. LEXIS 189845 (C.D. Cal. Jan.
    21, 2015).....................................................................................................18

*Ceglia v. Zuckerberg*,
    No. 10-CV-00569A(F), 2012 U.S. Dist. LEXIS 62296 (W.D.N.Y.
    May 3, 2012)...............................................................................................19

*Chalmers v. Los Angeles*,
    796 F.2d 1205 (9th Cir. 1986) ....................................................................16

*Cinq Music Grp., LLC v. Create Music Grp., Inc.*,
    No. 2:22-cv-07505-JLS-MAR, 2023 U.S. Dist. LEXIS 76599 (C.D.
    Cal. Apr. 26, 2023) .....................................................................................17

*City of Burlington v. Dague*,
    505 U.S. 557 (1992) ...................................................................................16

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

*Clarke v. Am. Commerce Nat'l Bank*,
    974 F.2d 127 (9th Cir. 1992) ................................................................... 11

*Gates v. Deukmejian*,
    987 F.2d 1392 (9th Cir.1992) .................................................................. 16

*Gonzalez v. City of Maywood*,
    729 F.3d 1196 (9th Cir. 2013) ................................................................. 18

*Green v. Baca*,
    225 F.R.D. 612 (C.D. Cal. 2005) ............................................................... 6

*In re Gupta Corp. Sec. Litig.*,
    No. C-94-1517 FMS, 1995 U.S. Dist. LEXIS 21847 (N.D. Cal. July
    14, 1995) ...................................................................................................... 8

*Henry v. Rizzolo*,
    No. 2:08-cv-00635-PMP-GWF, 2009 U.S. Dist. LEXIS 60096,
    2009 WL 1886272 (D. Nev. June 29, 2009) ........................................ 12

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................. 16

*In re High-Tech Emple. Antitrust Litig.*,
    No. 11-CV-02509-LHK, 2015 U.S. Dist. LEXIS 118052 (N.D. Cal.
    Sep. 2, 2015) ............................................................................................. 18

*Highfields Capital Mgmt., L.P. v. Doe*,
    No. C 04-00176 MISC MMC (WDB), 2005 U.S. Dist. LEXIS
    29680 (N.D. Cal. May 31, 2005) ............................................................... 6

*Hyde & Drath v. Baker*,
    24 F.3d 1162 (9th Cir. 1994) ................................................................... 14

*Ingram v. Oroudjian*,
    647 F.3d 925 (9th Cir. 2011) ................................................................... 17

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*,
    654 F.3d 935 (9th Cir. 2011) ................................................................... 17

*Kipperman v. Quiroz (In re Commercial Money Ctr., Inc.)*,
    Nos. 02-09721-H7, 04-90191-H7, 2006 Bankr. LEXIS 4708 (Bankr.
    S.D. Cal. June 29, 2006) ............................................................................ 8

iii

*Kiva Health Brands LLC v. Goodvitamin Foods Pvt. LTD*,
   No. 21-00042 HG-RT, 2023 U.S. Dist. LEXIS 103401 (D. Haw.
   May 19, 2023) ................................................................................. 18

*L.A. Cty. Bd. of Supervisors v. Superior Court*,
   2 Cal. 5th 282, 212 Cal. Rptr. 3d 107, 386 P.3d 773 (2016) .............................. 11

*Marquis v. Chrysler Corp.*,
   577 F.2d 624 (9th Cir. 1977) ................................................................. 6

*Moofly Prods., LLC v. Favila*,
   No. CV 13-05866 SJO, 2015 U.S. Dist. LEXIS 148399 (C.D. Cal.
   Nov. 2, 2015) ................................................................................. 17

*Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint.*
   *Ass'n*,
   316 F.R.D. 327 (D. Nev. 2016) ............................................................... 14

*United States ex rel. O'Connell v. Chapman Univ.*,
   245 F.R.D. 646 (C.D. Cal. 2007) .............................................................. 6

*Pearce v. Club Med Dales*,
   172 F.R.D. 407 (N.D. Cal. 1997) .............................................................. 8

*Perdue v. Kenny A.*,
   559 U.S. 542 (2010) ........................................................................... 16

*Perfect 10, Inc. v. Giganews, Inc.*,
   No. CV 11-07098-AB, 2015 U.S. Dist. LEXIS 54063 (C.D. Cal.
   Mar. 24, 2015) ................................................................................ 18

*Pierce v. Underwood*,
   487 U.S. 552 (1988) ........................................................................ 5, 7

*Reygo Pacific Corp. v. Johnston Pump Co.*,
   680 F.2d 647 (9th Cir. 1982) .................................................................. 7

*Russell v. Walmart Inc.*,
   2024 U.S. Dist. LEXIS 15631 (C.D. Cal. Jan. 2, 2024) .................................... 17

*Sub-Zero, Inc. v. Sub Zero NY Refrig. & Appl. Servs.*,
   No. 13-CV-2548 (KMW) (JLC), 2014 U.S. Dist. LEXIS 45625
   (S.D.N.Y. Apr. 1, 2014) ....................................................................... 18

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

*Tennenbaum v. Deloitte & Touche*,
   77 F.3d 337 (9th Cir. 1996) ...................................................................... 10

*Walker v. Lakewood Condominium Owners Ass'n*,
   186 F.R.D. 584 (C.D. Cal. 1999) ................................................................ 7

*Washington v. ViacomCBS, Inc.*,
   No. 2:20-cv-00435-CBM-PJW, 2021 U.S. Dist. LEXIS 243658
   (C.D. Cal. Dec. 9, 2021) ............................................................................ 17

*WB Music Corp. v. Royce Int'l Broad. Corp.*,
   No. EDCV 16-600 JGB (DTBx), 2018 U.S. Dist. LEXIS 227743
   (C.D. Cal. July 9, 2018) ............................................................................. 18

*Williams v. Rosette*,
   No. 23-55166, 2024 U.S. App. LEXIS 9255 (9th Cir. Apr. 17, 2024) ............... 10


**Rules**

Fed. R. Civ. P. 37 ........................................................................................ 8, 13

Fed. R. Civ. P. 37(a)(5)(A) .................................................................. 5, 6, 7, 13

Fed. R. Civ. P. 37(a)(5)(A)(i) ............................................................................. 5

Fed. R. Civ. P. 37(a)(5)(A)(ii) ............................................................................ 5

Fed. R. Civ. P. 37(a)(5)(A)(iii) ........................................................................... 5

Local Rule 37-2.3 ............................................................................................... 4


**Other Authorities**

Advisory Committee Notes to the 1970 Amendment
   to Fed. R. Civ. P. 37 ................................................................................... 6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

For almost a year, Plaintiff/Judgment Creditor Scott Hargis, d/b/a Scott Hargis Photos has worked tirelessly to conduct simple and narrow discovery to identify assets towards satisfying its May 7, 2024 Judgment against Defendant/ Judgment Debtor Pacifica Senior Living Management LLC. But, as the Court well knows, Defendant has stonewalled Plaintiff's efforts every step of the way, to the point that Defendant has not yet voluntarily paid a penny towards the $6.3 million (plus growing interest) judgment and has refused to even pay sanctions directly ordered by this Court for its misconduct.

The underlying discovery dispute at issue here is just another chapter in Defendant's widespread and unrepentant obstruction—which, despite numerous findings of pervasive discovery misconduct, violations of the Court's orders, and Plaintiff's application for a finding of civil contempt against Defendant, has not ceased and runs rampant to this day. *See, e.g.*, Mar. 16, 2025 Email to Chambers ("Defendant violated the Court's March 4, 2025 Order by failing to pay $20,072.90 to Plaintiff on or before March 14, 2025."); Dkt. No. 251 at 25 ("For the reasons set forth above, Defendant Pacifica Senior Living Management LLC is ordered to pay Plaintiff Scott Hargis, d/b/a Scott Hargis Photo, **$20,072.90**, which are the reasonable fees and costs caused by Defendant's failure to comply with the Court's September 5, 2024 order … Defendant shall pay this amount to Plaintiff no later than **March 14, 2025**.") (emphasis in original)).

To avoid the imposition of sanctions, Defendant must convince the Court that its objections to RFP No. 24 were substantially justified. They were decidedly not. Not only were Defendant's discovery objections boilerplate and deficient as a matter of law, but Defendant's legal arguments—based in inapposite state law and contrary to binding Ninth Circuit authority—were summarily rejected by the Court in its

1

March 10, 2025 Order (the "Order;" Dkt. No. 253) and there was no good faith legal basis to rely on them in the first place.

The Court should require Defendant and Defendant's law firm Lewis Brisbois Bisgaard & Smith LLP to pay, jointly and severally, Plaintiff's reasonable expenses, including attorneys' fees, incurred in briefing the motion to compel and preparing this Application—which, to date, totals $36,170 in reasonable attorneys' fees and expenses.

## II.    BACKGROUND

Judge Scarsi entered Judgment in favor of Plaintiff on May 7, 2025. Dkt. No. 142 ("Defendant shall pay $150,000 in statutory damages for each of the copyrighted works determined to be owned by Plaintiff and willfully infringed by Defendant, totaling $6,300,000 in statutory damages."). After receiving copies of Defendant's general ledger in post-judgment discovery that did not have any line items for the payment of Defendant's attorneys' fees for this litigation, Defendant issued its Fourth Set of Post-Judgment Requests for Production of Documents on August 29, 2024. Skinner Decl. Exh. A. Included in the Fourth Set of RFPs was RFP No. 24:

> DOCUMENTS sufficient to identify each PERSON who has paid for any portion of YOUR attorneys' fees for this ACTION, including (i) the name of each PERSON who has paid for any portion of YOUR attorneys' fees for this ACTION; (ii) the phone number for each PERSON identified in this Request; (iii) the email address for each PERSON identified in this Request; (iv) the physical address for each PERSON identified in this Request; and (v) how much each PERSON identified in this Request has paid towards any portion of your attorneys' fees for this ACTION.

*Id.*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

On September 30, 2024, Defendant issued its responses and objections to Plaintiff's Fourth Set of RFPs. Skinner Decl. Exh. B. at Resp. to RFP No. 24. Defendant responded as follows: "Defendant objects on the ground that this Request seeks information protected by the attorney-client privilege and work product doctrine. Defendant objects to this Request on the grounds of relevance and proportionality under Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 26(b)(1). Defendant also objects that this Request is overbroad and unduly burdensome." *Id.*

Before conferring on Defendant's objections to RFP No. 24, counsel for the parties exchanged emails regarding the legal merits of RFP No. 24 and Defendant's responses thereto. Skinner Decl. Exhs. C-D. The parties met and conferred on October 2024 and, after not being able to resolve the discovery dispute informally, sent the Court an informal discovery dispute email on October 23, 2024. Skinner Decl. Exh. E.

On November 18, 2024, the Court granted Plaintiff leave to file a motion to compel Defendant's production of documents responsive to RFP No. 24:

> Plaintiff may submit a motion to compel, in compliance with Local Rule 37, responsive to its request for documents regarding the payment of Defendant's attorney fees. The briefing must address whether California or federal attorney-client privilege law applies to this case; the scope and definition of the documents sought by Plaintiff; and whether the requested documents are covered by the privilege. The briefing should also address the applicability of the work product doctrine to any responsive documents withheld by Defendant on that basis. Plaintiff may, but is not required, to request a privilege log in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. The informal discovery conference satisfies the meet-and-confer requirement in Local

3

Rule 37. The parties are otherwise required to work together to comply, timely, with Local Rule 37.

Dkt. No. 181. On November 25, 2024, Plaintiff moved to compel Defendant's response to RFP No. 24. Dkt. Nos. 185-186. In accordance with L.R. 37-2.3, Plaintiff filed a supplemental brief in support of his motion to compel on December 13, 2024. Dkt. No. 204. The Court briefly addressed Plaintiff's motion at the Court's January 7, 2025 in-person Discovery Status Conference (Dkt. No. 219), during which the Court informed the parties that it saw no legal support in Defendant's position to deny Plaintiff's motion to compel.

In the interim, Plaintiff's counsel conducted the Rule 30(b)(6) deposition of Defendant's CFO John Cunningham. During the deposition, Mr. Cunningham testified that, despite the substantial work conducted by the parties in addressing who or what is paying Defendant's attorneys' fees, Defendant was actually paying its own fees:

> Q And are you familiar with who is paying Pacifica's attorneys' fees in this case?
>
> A Well, I looked up yesterday that Pacifica Senior Living paid Leo's firm. I know we actually owe his firm money -- a decent amount -- which we're working on from what I still hear. But that's -- that's what I looked up. I actually had never heard of the firm that you'd previously mentioned.
>
> Q And so you're saying that Pacifica Senior Living Management is the one paying the attorneys' fees in this case.
>
> A Based on the checks that I saw last night -- I saw checks to Leo's firm. And we have to pay him, which we're going to be paying him. We're going to have to be paying him from Pacifica Senior Living. He's our

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

1   attorney for Senior Living -- I'm sorry -- Pacifica Senior Living
2   Management.

3   Skinner Decl. Exh. F at 33:11-34:3.

4       The Court granted Plaintiff's motion to compel on March 10, 2025 by first
5   dismissing Defendant's relevancy and burdensome objections. Dkt. No. 253 at 5-7.
6   Then, the Court ruled that, under federal law, Defendant's privilege and work
7   product doctrine objections also failed. *Id.* at 9-10. The Order also granted Plaintiff
8   leave to file this Application and requested that Plaintiff address (1) reasonableness
9   of the requested fees and costs and (2) the substantial justification standard pursuant
10  to Fed. R. Civ. P. 37(a)(5)(A)(ii).

11  **III.   ARGUMENT**

12      **A.    Substantial Justification Standard.**

13      When a motion to compel is granted, the Federal Rules of Civil Procedure
14  provide that "the court must, after giving an opportunity to be heard, require the
15  party or deponent whose conduct necessitated the motion, the party or attorney
16  advising that conduct, or both to pay the movant's reasonable expenses incurred in
17  making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Court
18  may only deny a successful moving party's attorneys' fees if the moving party has
19  not made a good faith effort to obtain the discovery without court intervention, if the
20  refusal to allow the requested discovery was based on a substantial justification, or if
21  an award would otherwise be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). To
22  avoid Rule 37's automatic sanction, the party subject to sanctions bears the burden
23  of showing its position was substantially justified. *Blanchard v. Cty. of L.A.*, No. SA
24  CV 19-02438-JVS (DFMx), 2020 U.S. Dist. LEXIS 268017, at *4 (C.D. Cal. July
25  30, 2020). The Supreme Court has instructed that a party is only substantially
26  justified "if there is a genuine dispute or if reasonable people could differ as to the
27  appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565
28  (1988) (cleaned up).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES AND COSTS**

"Decades of judicial impatience has resulted in a rebuttable presumption in favor of imposing sanctions when a party loses a motion to compel." *Highfields Capital Mgmt., L.P. v. Doe*, No. C 04-00176 MISC MMC (WDB), 2005 U.S. Dist. LEXIS 29680, at *15 n.4 (N.D. Cal. May 31, 2005). Sanctions for discovery abuses are intended to "deter the abuse [of the federal discovery rules] implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery." Advisory Committee Notes to the 1970 Amendment to Rule 37; *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1977) (sanctions serve "to discourage unnecessary involvement of the court in discovery"); *Green v. Baca*, 225 F.R.D. 612, 614 (C.D. Cal. 2005) ("bad faith" not a prerequisite to an award of reasonable expenses to the moving party).

## B.    Defendant's Objections Were Boilerplate and Sanctionable.

As threshold matter, each of Defendant's objections to RFP No. 24 were deficient as a matter of law and, as a result, not substantially justified under Fed. R. Civ. P. 37(a)(5)(A). First, Defendant's objections—made on privilege and relevance/proportionality grounds—were boilerplate and there was meaningful effort made to even substantiate them. *See A. Farber and Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("General or boilerplate objections such as overly burdensome and harassing are improper—especially when a party fails to submit any evidentiary declarations supporting such objections. Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper." (cleaned up)); *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649-50 (C.D. Cal. 2007) ("Responding party initially objects, stating: Overbroad, unduly burdensome, unduly redundant to other discovery, oppressive, calls for narrative. Discovery has only just begun. The foregoing objections are general or boilerplate objections,

6

which are not proper objections." (cleaned up)); *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

Defendant's responses to RFP No. 24 provided no explanation as to why responsive documents were protected by the attorney-client privilege or work product doctrine. Nor did Defendant substantiate how RFP No. 24 was irrelevant, not proportional, overbroad, or unduly burdensome. And Defendant notably did not submit any declarations attesting the burden of producing documents responsive to RFP No. 24. Rather, Defendant merely recited buzzword boilerplate objections without any specificity at all—making them unjustifiable as a matter of law. As such, Defendant's objections to RFP 24 are not substantially justified and are therefore sanctionable under Fed. R. Civ. P. 37(a)(5)(A).

### C.    Defendant's Objections Were Not Substantially Justified.

If the Court determines that Defendant's objections to RFP No. 24 were not boilerplate, Defendant will also fail to meet its burden that the objections were substantially justified. No reasonable person, in good faith, could come to a different interpretation of governing Ninth Circuit case law whether Defendant needed to produce documents responsive to RFP No. 24. Indeed, the Court need only review its own Order, in which it wholesale rejected each and every unreasonable and unsupported argument set forth by Defendant as contrary to settled law and sided with Plaintiff entirely in granting the motion to compel.

"A request for discovery is substantially justified under the rule if reasonable people could differ as to whether the party requested must comply." *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 648 (9th Cir. 1982) (cleaned up); *see also Pierce*, 487 U.S. at 564-65. "When a dispute involves differing interpretations of governing law, opposition is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable reading of the law." *Bowne of N.Y.C. v. AmBase Corp.*, 161 F.R.D. 258, 265 (S.D.N.Y. 1995). When a party's

position in a discovery dispute is contrary to well-established case law, a party is remiss to object to discovery on this basis. *In re Gupta Corp. Sec. Litig.*, No. C-94-1517 FMS, 1995 U.S. Dist. LEXIS 21847, at *3 (N.D. Cal. July 14, 1995); *Pearce v. Club Med Dales*, 172 F.R.D. 407, 411 (N.D. Cal. 1997) (Defendants' motion was not substantially justified, since the vast bulk of legal authority was against their position.").

*Kipperman v. Quiroz (In re Commercial Money Ctr., Inc.)*, Nos. 02-09721-H7, 04-90191-H7, 2006 Bankr. LEXIS 4708 (Bankr. S.D. Cal. June 29, 2006), is enlightening. There, like here, the court was confronted with a defendant seeking to prevent discovery on the grounds that it was privileged. *See id.* at *2 ("Defendant refused to answer any questions regarding his tax returns on the grounds that the returns, and their contents, were privileged under California law."). But the court found that defendant's privilege objection was not substantially justified. In doing so, the court first rejected defendant's position that it should defer to state law. *See id.* at *18-19 ("Embracing state privilege law is inappropriate when the Ninth Circuit has explicitly rejected a federal privilege for tax returns." (cleaned up)). Then the court rejected the defendant's privilege argument as plainly contrary to federal law and not substantially justified and ***additionally sanctioned the defendant and its attorneys under Fed. R. Civ. P. 37***:

> The Court finds that reasonable people could not differ as to whether or not the tax returns were privileged in this mixed federal and state claim fraudulent transfer action. The Court recognizes that attorneys must advocate for their clients and they must be allowed to address areas of the law that have not been fully elucidated by the courts. However, this is an area of the law that has been fully elucidated.

*Id.* at *21.

Preliminarily, Plaintiff would be remiss to not point out that counsel attempted to avoid this discovery dispute entirely and the fees and costs incurred

8

therefrom by providing Defendant with binding Ninth Circuit authority on whether

documents responsive to RFP No. 24 were privileged. Skinner Decl. Exh. C. But

Defendant and its attorneys were undeterred and, instead of engaging with

Plaintiff's *federal authority* (to which the Court eventually cited in the Order), came

back to Plaintiff with immaterial and unpersuasive *state law authority* in a case filed

exclusively under *federal law*, specifically under the United States Copyright Act.

Skinner Decl. Exh. D. This fact, alone, should speak volumes to the lengths to

which Defendant went to eschew its discovery obligations and its inability to

substantially justify its privilege and work product objections.

When the parties appeared before the Court on November 18, 2024 for an

informal discovery conference, the Court swiftly rejected Defendant's relevancy,[1]

burden,[2] proportionality, and overbreadth objections and recognized that Plaintiff,

after reviewing Defendant's financial documents—including Defendant's general

ledger, which did not have line items for the payment of Defendant's attorneys'—

wanted to conduct discovery into potential alter egos to identify assets to satisfy the

Judgment.

The only issues remaining were Defendant's privilege and work product

objections to RFP No. 24—issues which the Court had to yet to confront while on

---

[1] In the Order, the Court held that Defendant's relevancy objection "is contrary to
the well-established broad scope of post judgment discovery. As a judgment
creditor, Plaintiff is permitted to conduct discovery to identify assets, including
assets that are concealed or appear to belong to a third party, that could be used to
satisfy the judgment." Dkt. No. 253 at 6.

[2] The Order also summarily overruled Defendant's undue burden objection:
"Defendant also objects to RFP 24 on the ground that responding to it would be
unduly burdensome. In fact, RFP 24 is expressly limited. [See Dkt. No. 186 at 9.]
RFP 24 is limited to documents sufficient to identify each party paying Defendant's
attorney fees in this action, the contact information of each party paying
Defendant's attorney fees, and how much each party is contributing to the payment
of Defendant's attorney fees. Defendant has failed to establish that providing this
information would be unduly burdensome, and Defendant's objection on this basis
is therefore overruled." *Id.* at 7.

9

1   the bench. As such, the Court ordered briefing on the following discrete issues:[3]

2   "The briefing must address whether California or federal attorney-client privilege

3   law applies to this case; the scope and definition of the documents sought by

4   Plaintiff; and whether the requested documents are covered by the privilege. The

5   briefing should also address the applicability of the work product doctrine to any

6   responsive documents withheld by Defendant on that basis." Dkt. No. 181 at 2.

7       Then, on November 27, 2024, the parties submitted their "Joint Statement re.:

8   Discovery Dispute." Dkt. No. 186. Defendant's positions therein in no way offered

9   reasonable and supported interpretations of governing law and their position was,

10  fatally, directly contrary to binding Ninth Circuit authority such that no reasonable

11  person could have had a good faith basis taking those positions. Indeed, instead of

12  simply acknowledging that federal law was applicable in this federal question

13  matter, Defendant suggested that the Court could look to state law if it was

14  "enlightening." *Id.* at 2:20-3:9. In support thereof, Defendant cited two cases,

15  *Williams v. Rosette*, No. 23-55166, 2024 U.S. App. LEXIS 9255 (9th Cir. Apr. 17,

16  2024), and *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337 (9th Cir. 1996), but

17  neither substantially justified Defendant's privilege objection.

18      In *Williams*, the Ninth Circuit referred to the lower court's invocation of state

19  law as error, though harmless. 2024 U.S. App. LEXIS 9255, at *4. And

20  *Tennenbaum* is likewise inapposite. The Ninth Circuit only deferred to state law

21  because "there is no [federal] authority that squarely addresses this waiver issue."

22  By sharp contrast, the Ninth Circuit and other circuits are abundantly clear that

23  "[n]ot all communications between attorney and client are privileged. Our decisions

24  have recognized that the identity of the client, the amount of the fee, the

25  identification of payment by case file name, and the general purpose of the work

26

27  _____
    [3] Despite the Court's clear mandate that the parties only address these issues,
    Defendant ignored the Court and attempted to relitigate the Court's finding that

28  RFP No. 24 was relevant. Dkt. No. 186 at 5:27-7:7.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

1  performed are usually not protected from disclosure by the attorney-client

2  privilege." *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).

3  The Court ultimate sided with Plaintiff on this issue, rejecting Defendant's

4  exhortation for the Court to "consider California law regarding the attorney-client

5  privilege." Dkt. No. 253 at 7.

6      Because there was no good faith dispute as to the applicability of federal law

7  in a federal question case, Defendant's legal arguments—in which Defendant cited

8  exclusively to state law in a federal lawsuit involving an exclusively federal

9  question and in direct contravention of binding federal jurisprudence directly only

10  point—collapsed like a house of cards. Indeed, the legitimacy of Defendant's

11  privilege objection is based entirely in California state law, namely *L.A. Cty. Bd. of*

12  *Supervisors v. Superior Court*, 2 Cal. 5th 282, 212 Cal. Rptr. 3d 107, 386 P.3d 773

13  (2016). But that case was always inappropriate for the Court's analysis because we

14  are dealing with well-established Ninth Circuit precedent that instructs the Court

15  that the documents sufficient to identify who is paying Defendant's attorneys'

16  fees—which is the subject of RFP No. 24—are not subject to the attorney-client

17  privilege. The Court recognized this, declining to entertaining Defendant's proposal

18  that the Court "enlighten" itself by following California state law in defiance of

19  binding federal law. Dkt. No. 253 at 9 ("Defendant has not met its burden of

20  establishing that the documents responsive to the RFP fall within the scope of the

21  attorney-client privilege.").

22      Defendant's suggestion that there is some sort of distinction between past

23  legal services versus ongoing litigation was likewise unavailing. Dkt. No. 186 at

24  9:25-10:6. Revealingly, Defendant did not cite a single case, in a single federal court

25  or at any point in the history of the federal judiciary, to support this proposition.

26  Defendant was clearly trying to convince the Court to establish some sort of novel

27  carveout—contrary to settled law—in order to prevent the Court from compelling

28

11

1  Defendant to respond to RFP No. 24. The Court rejected this argument outright, and

2  did not even spill any ink on it in the Order.

3      Finally, in overruling Defendant's privilege objection, the Court rejected

4  Defendant's argument that Plaintiff could be seeking documents that reveal

5  Defendant's motive in seeking representation, litigation strategy, or the specific

6  nature of the services provided:

7      Plaintiff seeks to know the identity of each party paying Defendant's

8      attorney fees, the contact information of that paying party, and how

9      much that party is contributing to the payment. Plaintiff also states that

10      he is amenable to Defendant redacting privileged information from the

11      document and preparing a privilege log. Defendant does not address this

12      argument with specific reference to responsive documents or produce a

13      privilege log. On this record, Defendant has not met its burden of

14      establishing that the documents responsive to the RFP fall within the

15      scope of the attorney-client privilege. Defendant's objection to RFP 24

16      based on attorney-client privilege is therefore overruled.

17  Dkt. No. 253 at 8-9.

18      Defendant's work-product objection was similarly unavailing, lacking

19  substantial justification and falling flat as a matter of law. Dkt. No. 186 at 11:6-12:3.

20  In fact, Defendant cited to the exact case—*Henry v. Rizzolo*, No. 2:08-cv-00635-

21  PMP-GWF, 2009 U.S. Dist. LEXIS 60096, 2009 WL 1886272 (D. Nev. June 29,

22  2009)—upon which both the Court and Plaintiff rested their arguments that the work

23  product doctrine does not shield Defendant from producing documents responsive to

24  RFP No. 24. Dkt. No. 186 at 11:17-22 (Defendant's citation to *Henry*), 10:22-27

25  (Plaintiff's citation to *Henry*); Dkt. No. 253 at 10 (the Court's citation to *Henry*).

26  While Defendant cited to *Henry* to argue that Plaintiff was seeking documents that

27  "reflect their attorneys mental impressions, insights, or legal strategy, or which

28  reveal the clients' motive for seeking representation or the specific nature of the

12

serviced provided," Dkt. No. 186 at 11:23-26, the Court wholly dismissed this argument:

> The RPF [sic] is limited to documents sufficient to identify each person who has paid for any portion of Defendant's attorney fees for this action, including the name, phone number, email, physical addresses and the amount of the payment. The Court interprets this request as seeking only this identifying information and not the contents of any factual material prepared in anticipation of litigation. Accordingly, Defendant's objection to RFP 24 based on the attorney work product doctrine is overruled.

Dkt. No. 253 at 10-11.

In sum, throughout the entire briefing Defendant's objections to RFP No. 24, Defendant took an unreasonable and unsupported legal posture that was foreclosed by the binding case law of the Ninth Circuit to which there was no differing opinions—a fact the Court implicitly recognized in summarily rejected each of Defendant's arguments in the Order. Because there was no good faith basis to refuse producing documents responsive to RFP No. 24, Defendant's objections were not substantially justified and therefore the Court should order Defendant and its law firm, Lewis Brisbois Bisgaard & Smith LLP, which pursued these arguments, jointly and severally, to pay Plaintiff's reasonable expenses incurred in moving to compel Defendant's production of documents responsive to RFP No. 24 and preparing and filing this Application.

### D.    Defendant's Law Firm Lewis Brisbois Bisgaard & Smith LLP Should be Held Jointly and Severally Liable for Plaintiff's Reasonable Expenses, Including Attorneys' Fees.

Rule 37 empowers the Court to order that both Defendant and its law firm Lewis Brisbois Bisgaard & Smith LLP, jointly and severally, pay Plaintiff's reasonable expenses, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A) ("[T]he

13

court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party ***or attorney advising that conduct, or both*** to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added)); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1171-72 (9th Cir. 1994). Responsibility may fall to both the party and counsel jointly and severally when it is unclear from the record which is less blameworthy than the other. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327 (D. Nev. 2016).

When the Court previously held Defendant accountable for its discovery misconduct (*e.g.*, Dkt. Nos. 172, 253), it refused to sanction Defendant's counsel because there was no record of counsel's culpability. The same cannot be said here. The unreasonable and unsupported arguments advanced by Defendant were almost certainly of Defendant's counsel's creation. And when Plaintiff and his attorneys provided Defendant with binding Ninth Circuit authority and repeatedly attempted to avoid this discovery dispute entirely, Defendant's counsel doubled down and forced extensive briefing when there was no genuine dispute as to the governing Ninth Circuit law—which resulted in the Court issuing an Order that summarily rejected Defendant's and its attorneys' meritless argument. Unless and until Defendant's counsel provides exculpatory evidence that points the finger at their client for the baseless arguments Defendant advanced throughout this entire discovery dispute, there is no record of whether Defendant or its attorneys are less blameworthy than the other. As such, the Court should order that Defendant and its attorneys are jointly and severally responsible for paying Plaintiff's reasonable expenses, including attorneys' fees.

**E.    This Entire Briefing was Avoidable.**

Further evidencing Defendant's bad faith conduct is that during the Rule 30(b)(6) deposition of Defendant's CFO John Cunnigham—which occurred well after the parties had fully briefed the underlying discovery dispute—the deponent

14

testified, under penalty of perjury, that Defendant was, in fact, paying its own attorneys' fees:

> Q And are you familiar with who is paying Pacifica's attorneys' fees in this case?
>
> A Well, I looked up yesterday that Pacifica Senior Living paid Leo's firm. I know we actually owe his firm money -- a decent amount -- which we're working on from what I still hear. But that's -- that's what I looked up. I actually had never heard of the firm that you'd previously mentioned.
>
> Q And so you're saying that Pacifica Senior Living Management is the one paying the attorneys' fees in this case.
>
> A Based on the checks that I saw last night -- I saw checks to Leo's firm. And we have to pay him, which we're going to be paying him. We're going to have to be paying him from Pacifica Senior Living. He's our attorney for Senior Living -- I'm sorry -- Pacifica Senior Living Management.

Skinner Decl. Exh. F at 33:11-34:3.

To be clear, the parties have spent months litigating this issue, incurred thousands of dollars in attorneys' fees and costs, and monopolized a substantial amount of the Court's time and resources, and, after everything, Defendant was ultimately paying its own attorneys' fees. If it is truly the case that Defendant is paying its own fees—which, to date, is in doubt because Defendant has not produced any documentary evidence that Mr. Cunningham was telling the truth—then Defendant deliberately wasted everyone's time fighting about this issue when it could have very easily produced copies of checks or wiring confirmations sufficient to prove it was paying its own attorneys' fees.

As evidenced by Defendant's repeated violations of Court orders, including a fees sanction that was due on March 14, 2025 and remains unpaid—in brazen

15

defiance of this Court's authority—it is clear that Defendant is intentionally obstructing the post-judgment discovery process to make it as difficult as possible every single step of the way for Plaintiff and Plaintiff's counsel to collect a single penny on the multi-million judgment issued against Defendant for their willful copyright infringement. Such disrespect for the Court's time, the rules of this Court, the law, and Plaintiff cannot stand and fees should issue.

### F.    Plaintiff Reasonably Incurred $36,170 in Attorneys' Fees and Costs.

#### 1.    Standard.

The Order also required Plaintiff to address the "reasonableness of the requested fees and costs." Dkt. No. 253 at 11. The Ninth Circuit uses the lodestar method in calculating attorneys' fees awards. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The lodestar is calculated by multiplying the number of hours reasonably expended on a particular motion by a reasonable hourly rate. *Id.* at 433. "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986).

Once it is determined that a fee award is appropriate, a court must then determine whether the fees requested are reasonable. As the Ninth Circuit has held, the presumptively reasonable fee is determined by "the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992). Where the party seeking fees establishes that both the hours and rates are reasonable, there is a "'strong presumption' that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). This presumption may only be overcome in "exceptional" and "rare circumstances" based on "specific evidence." *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

## 2.    One LLP's Rates are Eminently Reasonable.

A "reasonable hourly rate" is region-specific and depends on the "experience of the attorney." *Moofly Prods., LLC v. Favila*, No. CV 13-05866 SJO (PJWx), 2015 U.S. Dist. LEXIS 148399, at *3 (C.D. Cal. Nov. 2, 2015); *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935 (9th Cir. 2011) ("The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer."). Plaintiff's counsel, One LLP, is a boutique intellectual property and entertainment law firm in Southern California, and its attorneys are skilled litigators with many years of relevant experience. Tehranian Decl. ¶ 3. The hourly rates requested are eminently reasonable, particularly considering the credentials, experience, and expertise of the billing attorneys, as further detailed in John Tehranian's attached declaration and accompanying exhibits. *Id.* at ¶¶ 5-12 and Exh. 1; *see Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" (citing *Chalmers*, 796 F.2d at 1210)).

The Fee Amount was calculated using One's hourly rates as follows: $495 to $595 for billing associates and $695 to $895 for billing partners. Tehranian Decl. ¶¶ 11-12. These rates are more than reasonable when compared to hourly rates awarded by Los Angeles courts (and elsewhere) in copyright cases, including when accounting for inflation. *See, e.g.*, *Russell v. Walmart Inc.*, 2024 U.S. Dist. LEXIS 15631, at *13 (C.D. Cal. Jan. 2, 2024) (approving rates ranging from $170 to $775); *Cinq Music Grp., LLC v. Create Music Grp., Inc.*, No. 2:22-cv-07505-JLS-MAR, 2023 U.S. Dist. LEXIS 76599, at *11 (C.D. Cal. Apr. 26, 2023) (approving $750 and $350); *Washington v. ViacomCBS, Inc.*, No. 2:20-cv-00435-CBM-PJW, 2021 U.S. Dist. LEXIS 243658, at *10-13 (C.D. Cal. Dec. 9, 2021) (approving rates

17

ranging from $490 to $1000); *WB Music Corp. v. Royce Int'l Broad. Corp.*, No. EDCV 16-600 JGB (DTBx), 2018 U.S. Dist. LEXIS 227743, at *13-18 (C.D. Cal. July 9, 2018) (approving rate of $778.50 for senior counsel, $702 for senior associate, and $495 for junior associate); *AECOM Energy & Constr., Inc. v. Ripley*, No. 2:17-cv-05398-RSWL-SS, 2018 U.S. Dist. LEXIS 27035, at *3 (C.D. Cal. Feb. 16, 2018) (approving rate of $892 for partner, $554 for associate, and $334 for paralegal); *In re High-Tech Emple. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 U.S. Dist. LEXIS 118052, at *33-34 (N.D. Cal. Sep. 2, 2015); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2015 U.S. Dist. LEXIS 54063, at *45 (C.D. Cal. Mar. 24, 2015) (approving rates of $750-$930 for senior partners, $610-750 for junior partners, and $350-690 for associates); *Burton Way Hotels, Ltd. v. Four Seasons Hotels*, No. CV 11-303 PSG (PLAx), 2015 U.S. Dist. LEXIS 189845, at *7 (C.D. Cal. Jan. 21, 2015) (approving partner rate of $886.50 and associate rate of $540); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) (approving hourly rates ranging from $355 to $1,095 per hour for partners and associates and $245 to $290 per hour for paralegals); *see also Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 55-56 (S.D.N.Y. 2015) (approving rates averaging $675 for partners, and $461.06-$505 for second, third, and fourth-year associates); *Sub-Zero, Inc. v. Sub Zero NY Refrig. & Appl. Servs.*, No. 13-CV-2548 (KMW) (JLC), 2014 U.S. Dist. LEXIS 45625, at *24-25 (S.D.N.Y. Apr. 1, 2014) (approving rates of $785 and $485 in trademark infringement case).

### 3.    The Number of Hours Expended Was Reasonable.

A "reasonable" number of hours equals "The number of hours which could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (cleaned up). To assess this, Courts consider "whether the hours of work performed are reasonably necessary to achieve the results obtained." *Kiva Health Brands LLC v. Goodvitamin Foods Pvt. LTD*, No. 21-00042 HG-RT, 2023 U.S. Dist. LEXIS 103401, at *11 (D. Haw. May 19, 2023).

18

As detailed in the accompanying Tehranian Declaration and the exhibits attached thereto, Plaintiff's counsel billed 66 hours between October 16, 2024 and March 19, 2025, for which Plaintiff seeks fees in the amount of $36,170. Tehranian Decl. ¶¶ 13, 18 and Exh. 2; *see also* Chart of Fees and Costs, submitted concurrently herewith. This work was directly related to briefing the motion to compel and preparing this Application.[4]

All told therefore, Plaintiff's total request in this Motion is as follows:

| **Timekeeper** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| John Tehranian | 3 (through December 2024); 1.3 (since January 1, 2025). | $795/hour (through December 2024); $895 (since January 1, 2025). | $3,548.50 |
| Chris Skinner | 32.8 (through December 2024); 20.8 (since January 1, 2025). | $495/hour (through December 2024); $595 (since January 1, 2025). | $28,612.00 |
| Victoria Mulvey | 8.1 | $495/hour | $4,009.50 |
| | | **GRAND TOTAL:** | **$36,170.00** |

Tehranian Decl. ¶ 18 and Exh. 2.

## IV.    CONCLUSION

For the foregoing reasons, the Court should require Defendant and Defendant's law firm Lewis Brisbois Bisgaard & Smith LLP to pay, jointly and severally, Plaintiff's reasonable expenses, including attorneys' fees, incurred in briefing the motion to compel and preparing this Application.

---

[4] Plaintiff is also entitled to his fees incurred in connection with bringing this Application. *See, e.g.*, *Ceglia v. Zuckerberg*, No. 10-CV-00569A(F), 2012 U.S. Dist. LEXIS 62296, at *1 (W.D.N.Y. May 3, 2012) ("Courts have permitted parties to recover attorney's fees, including costs and attorney's fee incurred in connection with preparing and defending applications for the expenses." (cleaned up)).

19

Dated: April 17, 2025                     **ONE LLP**


By: /s/ Christopher S. Skinner
     Christopher S. Skinner
     John Tehranian
     Taylor C. Foss
     Leo Lichtman
     Attorneys for Plaintiff,
     Scott Hargis d/b/a Scott Hargis Photo


## <u>CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)</u>

The undersigned, counsel of record for Plaintiff Scott Hargis, d/b/a Scott Hargis Photo, hereby certifies that this brief contains 5,941 words, which complies with the word limit of L.R. 11-6.1.


Dated: April 17, 2025               By: /s/ Christopher S. Skinner
                                  Christopher S. Skinner

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**