John Tehranian (SBN 211616)
Email: jtehranian@onellp.com
Taylor C. Foss (SBN 253486)
Email: tfoss@onellp.com
Leo M. Lichtman (SBN 335779)
Email: llichtman@onellp.com
Christopher S. Skinner (SBN 342830)
Email: cskinner@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
SCOTT HARGIS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HARGIS, d/b/a SCOTT HARGIS PHOTO, an individual, | Case No.: 2:22-cv-06989-MCS-PD<br>Hon. Patricia Donahue |
| Plaintiff, | **[DISCOVERY MATTER]** |
| v. | **DECLARATION OF JOHN TEHRANIAN IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. CIV. P. 37(a)(5)(A)** |
| PACIFICA SENIOR LIVING MANAGEMENT, LLC, a California limited liability corporation; and DOES 1-10, inclusive | |
| Defendant. | Date: May 16, 2025<br>Time: 1:30 p.m.<br>Crtrm: 580 |

**DECLARATION OF JOHN TEHRANIAN IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS**

I, John Tehranian, declare as follows:

1. I am a partner at One LLP and counsel of record for Plaintiff/Judgment Creditor Scott Hargis. I submit this declaration in support of Plaintiff's Application for Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 37(a)(5)(A) (the "Application") in the above-referenced action brought by Plaintiff against Defendant/Judgment Debtor Pacifica Senior Living Management, LLC.

2. I have personal knowledge of the facts stated herein, and if called upon to testify, could and would competently thereto.

### Plaintiff's Fees and Expenses Incurred

**A.    Hourly Rates**

3. I am a founding partner of One LLP ("One"). One is a boutique firm with approximately 30 attorneys across offices in Beverly Hills, Newport Beach, and Dallas, and specializes in intellectual property and entertainment law, and its attorneys include numerous skilled litigators in the field with many years of relevant experience.

4. I have been a member of the California Bar since 2000 and have been practicing law for almost twenty-five years.

5. My background includes the following: I earned my A.B. in 1995 from Harvard University and my J.D. from Yale Law School in 2000. I began my legal career as a litigator at O'Melveny & Myers LLP.

6. My legal practice and expertise have a particular focus on copyright and other intellectual property issues. In my practice, I have handled high-profile disputes and transactions involving numerous legends from the worlds of music (Bootsy Collins, Don Henley, B.B. King, Madonna), film (Luis Bunuel, Harold Lloyd), fashion (Jeremy Scott), theater (Stephen Sondheim), photography (David LaChapelle, Annie Leibovitz), literature (John Fante, Ernest Hemingway, Frank Herbert, Jules Verne) and athletics (Oscar de la Hoya, Tony Parker, Dean Potter).

7. I have also served as counsel in numerous published appellate decisions on copyright matters, including *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 873 F.3d 1045 (9th Cir. 2017), *Direct Technologies, LLC v. Electronic Arts, Inc.*, 836 F.3d 1059 (9th Cir. 2016) and *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011). *Variety*'s 2013 Legal Impact Report has recognized me as one of the world's top 50 entertainment lawyers, *Billboard Magazine* has identified me as one of the top music lawyers in the business, and I have been repeatedly honored as a Southern California *Super Lawyer*.

8. Besides practicing law, I am also an academic. In that capacity, I currently serve as Paul W. Wildman Chair and tenured Professor of Law at Southwestern Law School in Los Angeles, California where, among other things, I regularly teach Constitutional Law, Entertainment Law and Copyright Law. In 2023, I served as Visiting Professor of UCLA School of Law, where I taught Entertainment Law and Constitutional Law. I have previously served as a tenured Professor of Law at the University of Utah, S.J. Quinney College of Law, and as a Visiting Professor of Law at Loyola Law School.

9. I am the author of dozens of articles and three books on constitutional and copyright-related issues: *Whitewashed* (New York University Press, 2009), *Infringement Nation: Copyright 2.0 and You* (Oxford University Press, 2011) and *The Secret Life of Copyright: Intellectual Property and Inequality in the Digital Age* (Cambridge University Press, forthcoming). My scholarship has also appeared in publications such as the Yale Law Journal, Northwestern University Law Review, Southern California Law Review, Iowa Law Review, Harvard Journal of Law and Gender, George Washington Law Review, Berkeley Technology Law Journal, Hastings Law Journal, U.C. Davis Law Review, and the Chronicle of Higher Education.

10. My work has been widely cited, from testimony before the United States Congress and decisions of Israeli and American federal courts to briefs

before the United States Supreme Court in such landmark intellectual property cases as *Warhol v. Goldsmith* (2022), *Google v. Oracle* (2021), *Kirtsaeng v. John Wiley & Sons* (2013), *Golan v. Holder* (2012), and *MGM v. Grokster* (2005).

11. My hourly rate through December 2024 was $795; since January 1, 2025, my hourly rate is $895. The hourly rates of the other lawyers who worked on the underlying discovery dispute range from $495-795. As a firm, we regularly practice in courts around the country, with a notable presence in California. Because our firm operates on lower overhead than larger national firms, we are able to set our hourly rates intentionally below market levels in order to provide extra value to our clients. The other core lawyer from my firm who worked on the underlying discovery dispute, Chris Skinner, is also highly qualified and an experienced lawyer in good standing with their respective bars, and each has substantial experience litigating copyright disputes. In addition to the core team, Victoria Mulvey, an associate with several years of experience who initially worked on the supplemental motion to compel brief dispute and has since left the firm, provided important work on behalf of Plaintiff. Attached as **Exhibit 1** are the profiles of each attorney that worked on this case. For those still with One, these profiles can also be viewed at https://www.onellp.com/attorneys/.

12. Our hourly fees request is eminently reasonable based on our above-described experiences and backgrounds, particularly when compared to prevailing rates in the community. Indeed, courts in this District and others have regularly approved fees at comparable or higher rates, especially when accounting for inflation. *See, e.g.*, *Russell v. Walmart Inc.*, 2024 U.S. Dist. LEXIS 15631, at *13 (C.D. Cal. Jan. 2, 2024) (approving rates ranging from $170 to $775); *Cinq Music Grp., LLC v. Create Music Grp., Inc.*, No. 2:22-cv-07505-JLS-MAR, 2023 U.S. Dist. LEXIS 76599, at *11 (C.D. Cal. Apr. 26, 2023) (approving $750 and $350); *Washington v. ViacomCBS, Inc.*, No. 2:20-cv-00435-CBM-PJW, 2021 U.S. Dist. LEXIS 243658, at *10-13 (C.D. Cal. Dec. 9, 2021) (approving rates ranging from

$490 to $1000); *WB Music Corp. v. Royce Int'l Broad. Corp.*, No. EDCV 16-600 JGB (DTBx), 2018 U.S. Dist. LEXIS 227743, at *13-18 (C.D. Cal. July 9, 2018) (approving rate of $778.50 for senior counsel, $702 for senior associate, and $495 for junior associate); *AECOM Energy & Constr., Inc. v. Ripley*, No. 2:17-cv-05398-RSWL-SS, 2018 U.S. Dist. LEXIS 27035, at *3 (C.D. Cal. Feb. 16, 2018) (approving rate of $892 for partner, $554 for associate, and $334 for paralegal); *In re High-Tech Emple. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 U.S. Dist. LEXIS 118052, at *33-34 (N.D. Cal. Sep. 2, 2015); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2015 U.S. Dist. LEXIS 54063, at *45 (C.D. Cal. Mar. 24, 2015) (approving rates of $750-$930 for senior partners, $610-750 for junior partners, and $350-690 for associates); *Burton Way Hotels, Ltd. v. Four Seasons Hotels*, No. CV 11-303 PSG (PLAx), 2015 U.S. Dist. LEXIS 189845, at *7 (C.D. Cal. Jan. 21, 2015) (approving partner rate of $886.50 and associate rate of $540); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) (approving hourly rates ranging from $355 to $1,095 per hour for partners and associates and $245 to $290 per hour for paralegals); *see also Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 55-56 (S.D.N.Y. 2015) (approving rates averaging $675 for partners, and $461.06-$505 for second, third, and fourth-year associates); *Sub-Zero, Inc. v. Sub Zero NY Refrig. & Appl. Servs.*, No. 13-CV-2548 (KMW) (JLC), 2014 U.S. Dist. LEXIS 45625, at *24-25 (S.D.N.Y. Apr. 1, 2014) (approving rates of $785 and $485 in trademark infringement case).

**B.**     **Time Expended**

13.    Attached hereto as **Exhibit 2** are true and correct copies of detailed descriptions of the legal services provided by the individuals at One who worked on the motion to compel and this Application from October 2024 through March 2025. These records include a description of the work performed, the attorney performing the work and their respective hourly rates, and the length of time spent in connection therewith.

14. **Exhibit 2** was prepared from the contemporaneous daily time records prepared in the normal course of my firm's business. One uses a web-based software program called "BillQuick." All attorneys at One are required to record their time entries for client matters on a daily basis. For every day worked, each attorney enters into BillQuick, for each client matter, a description of the task(s) performed and the amount of time spent on each task(s). One maintains and stores these time records in BillQuick, and they are used to generate invoices for One's clients. The relevant information in Exhibit 2 has also been entered into the concurrently-submitted Fee Chart, a copy of which is being submitted to the Court in Word format, pursuant to the Court's instructions

15. Redactions have been made to **Exhibit 2** to protect Plaintiff's attorney-client privilege in certain instances and to remove time entries incurred in this litigation but unrelated to the motion to compel and this Application. The inadvertent disclosure of any confidential or privileged information should not be considered a waiver of any applicable privileges.

16. In order to exercise sound billing judgment, One carefully reviewed its time entries to ensure that none of the fees sought are excessive, redundant, or otherwise unnecessary. All work reflected in the time records was necessary and justified to obtain a compel Defendant's production of Documents responsive to RFP No. 24 including, but not limited to, drafting and filing the motion to compel and preparing the Application.

17. Additionally, Plaintiff is not seeking fees associated with time expended by paralegals, who are normally billed at $195 per hour.

/ / /

/ / /

/ / /

/ / /

/ / /

6

**DECLARATION OF JOHN TEHRANIAN IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS**

18. The total requested fees in connection with the motion to compel and this Application is $36,170.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of April, 2025, at Newport Beach, California.

/s/ John Tehranian
John Tehranian

DECLARATION OF JOHN TEHRANIAN IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS