UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  May 12, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

Present:  The Honorable:   Patricia Donahue, United States Magistrate Judge

|  Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):      Order Granting in Part Plaintiff's Motion for Attorney Fees and Costs [Dkt. No. 281]**

Plaintiff  and Judgment Creditor Scott Hargis, d/b/a Scott Hargis Photo ("Plaintiff") seeks attorney fees and costs incurred in bringing a motion to compel Defendant and Judgment Debtor Pacifica Senior Living Management, LLC ("Defendant") to provide documents responsive to Plaintiff's Request for Production of Documents ("RFP") No. 24 (the "Motion").  [Dkt. No. 281.]  On March 10, 2025, the Court granted Plaintiff's motion to compel and ordered Defendant to produce documents responsive to RFP No. 24.  [Dkt. No. 253.] The Court further granted Plaintiff leave to file an application for the reimbursement of fees and costs in bringing the motion to compel.  [Id.]

The Court has conducted several discovery conferences and reviewed the pertinent pleadings [Dkt. Nos. 181, 185, 186, 204, 219, 253, 281, 285, 286] and is familiar with the post-judgment discovery disputes in this matter.  For the reasons set forth below, the Motion is granted in part.

**I.      Background**

On May 7, 2024, Judgment was entered in favor of Plaintiff and Defendant was ordered to pay $150,000 in statutory damages for each of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  May 12, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

copyrighted works determined to be owned by Plaintiff and willfully infringed
by Defendant, totaling $6,300,000 in statutory damages.  [Dkt. No. 142.]

In August 2024, Plaintiff served his fourth set of RFPs to Defendant.
[Dkt. No. 281-3 at 6.]  The issue pertinent to this order arises from
Defendant's response to RFP No. 24, which requested the following:

> DOCUMENTS sufficient to identify each PERSON who has paid for
> any portion of YOUR attorneys' fees for this ACTION, including (i) the
> name of each PERSON who has paid for any portion of YOUR
> attorneys' fees for this ACTION; (ii) the phone number for each
> PERSON identified in this Request; (iii) the email address for each
> PERSON identified in this Request; (iv) the physical address for each
> PERSON identified in this Request; and (v) how much each PERSON
> identified in this Request has paid towards any portion of your
> attorneys' fees for this ACTION.

[Dkt. No. 281-3 at 6.]

Defendant responded as follows:

> Defendant objects on the ground that this Request seeks information
> protected by the attorney-client privilege and work product doctrine.
> Defendant objects to this Request on the grounds of relevance and
> proportionality under [FRCP] 26(b)(1). Fed. R. Civ. P. 26(b)(1).
> Defendant also objects that this Request is overbroad and unduly
> burdensome.

[Dkt. No. 281-4 at 5.]

On October 15, 2024, Plaintiff requested to meet and confer regarding
RFP No. 24.  [Dkt. No. 281-5.]  Before conferring on Defendant's objections to
RFP No. 24, counsel for the parties exchanged emails regarding the legal
merits of Defendant's responses to RFP No. 24.  [Id.]  On October 16, 2024,
the parties met and conferred regarding Defendant's objections to RFP No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-6989-MCS-PDx                    Date.  May 12, 2025

Title     *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

24.  On October 18, 2024, Defendant's counsel sent an email regarding Defendant's objections to RFP No. 24, stating:

> We do not waive our privilege objection, which we hold on the basis that the documents sought inextricably reflect attorney-client communications and attorney work-product. Because as an initial threshold, a showing of relevancy is required, we reserve our right to further argue the issue of privilege once the Court rules that such documents are relevant.  *See Cline v. W. L.A. Coll.*, 2024 U.S. Dist. LEXIS 185983, at \*17-18 (C.D. Cal. 2024).

[Dkt. No. 281-6 at 2.]

On October 23, 2024, Plaintiff requested an informal discovery conference regarding, among other things, Defendant's response to RFP No. 24.  [Dkt. No. 281-7 at 6-7.]  Plaintiff stated in part as follows:

> Defendant's general ledger has line items for the payment of attorneys' fees to various law firms over the years, (*see* Exh. 23 at PSLM000101-000103), but counsel of record (and its predecessor counsel in this litigation) does not appear on the general ledger, (*see id*. at PSLM000124-000126), and Defendant's initial disclosures, (*see* Exh. 24), state there is no insurance policy that covers Defendant's attorneys' fees and costs. . . . Someone other than Defendant is paying Defendant's attorneys' fees for this litigation; because post-judgment discovery is extremely broad— akin to a fishing expedition—documents sufficient to identify who or what is paying for Defendant's attorneys' fees would permit Plaintiff to identify additional judgment debtors . . .

[Dkt. No. 281-7 at 6-7.]  Defendant responded as follows:

> Plaintiff freely admits that his motives for seeking documents relating to who is paying Defendant's counsel's legal fees and their amount is a "fishing expedition," and other than the casual accusation of their relevancy to provide evidence in an attempt to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-6989-MCS-PDx                    Date.  May 12, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

> pierce the corporate veil, Plaintiff has offered no basis or evidence
> as to why the corporate veil would need to be pierced in the first
> place. During pre-trial discovery, no alter-ego argument has ever
> been made and no evidence regarding Defendant's possible
> undercapitalization or unity of ownership and interest of
> Defendant's members has ever been introduced before the Court.
> Defendant reads Plaintiff's request for these documents as
> additional harassment and an intimidation tactic to thwart
> effective representation of Defendant's counsel.

[*Id.* at 7.]

On November 18, 2024, after an informal discovery conference,
regarding among other things RFP No. 24, the Court issued an order that
stated in pertinent part:

> Plaintiff may submit a motion to compel, in compliance with
> Local Rule 37, responsive to its request for documents regarding
> the payment of Defendant's attorney fees. The briefing must
> address whether California or federal attorney-client privilege
> law applies to this case; the scope and definition of the documents
> sought by Plaintiff; and whether the requested documents are
> covered by the privilege. The briefing should also address the
> applicability of the work product doctrine to any responsive
> documents withheld by Defendant on that basis. Plaintiff may,
> but is not required, to request a privilege log in compliance with
> Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

[Dkt. No. 181.]

On November 27, 2024, Plaintiff moved to compel Defendant's response
to RFP No. 24. [Dkt. Nos. 185, 186.] In accordance with L.R. 37-2.3, Plaintiff
filed a supplemental brief in support of his motion to compel on December 13,
2024. [Dkt. No. 204.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-6989-MCS-PDx                                Date.  May 12, 2025

Title     *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

On March 10, 2025, the Court granted Plaintiff's motion to compel.
[Dkt. No. 253.]  The Court overruled Defendant's relevance, burden, attorney-
client privilege and work product objections.  [Dkt. No. 253 at 5-11.]  The
Order granted Plaintiff leave to file this Motion and requested that Plaintiff
address: (1) the reasonableness of the requested fees and costs; and (2) the
substantial justification standard pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii).

## II.    The Parties' Contentions

Plaintiff argues that he is entitled to attorney's fees and costs of
$36,170.00 pursuant to Fed. R. Civ. P. 37(a)(5)(A) because his motion to
compel Defendant to produce documents responsive to RFP No. 24 was
granted.  [Dkt. No. 281.]  Plaintiff asserts that Defendant's objections to RFP
No. 24 were boilerplate, sanctionable, and were not substantially justified.
[Id. at 12-19.]  Plaintiff further argues that the entire briefing was avoidable,
and that Defendant and Defendant's law firm Lewis Brisbois Bisgaard &
Smith LLP should be held jointly and severally liable for Plaintiff's
reasonable expenses, including attorney fees.  [Id. at 19-22.]

Defendant responds that its position was "substantially justified"
within the meaning of Fed. R. Civ. P. 37(a)(5)(A)(ii).  [Dkt. No. 285.]
Defendant argues that its principal objection based on attorney-client
privilege was not unreasonable and was supported by California Supreme
Court caselaw interpreting California's privilege statute.  [Id. at 7-9.]
Defendant further argues that there is no legal basis for finding joint and
several liability against Defendant's counsel for deficient discovery responses.
[Id. at 3.]  Alternatively, Defendant argues that the Court should limit any
award of attorney's fees to $15,000 because Plaintiff's fees for a dispute over a
single RFP are excessive and unreasonable.  [Id. at 3, 11.]

In reply, Plaintiff argues that Defendant's position is not substantially
justified under settled Ninth Circuit law.  [Dkt. No. 286.]  Plaintiff asserts
that Defendant continues to cite cases interpreting state law even though the
underlying discovery dispute involves questions of federal law in federal
court.  [Id. at 5.]  Plaintiff further argues that Defendant's reliance on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  May 12, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

inapplicable state law underscores Defendant's unreasonableness and
frivolousness.  [Id. at 5-6.]  Plaintiff avers that there is a substantial legal
basis under Rule 37 to impose sanctions against Defendant and its counsel
for their conduct.  [Id. at 6-7.]  Finally, Plaintiff argues that counsel's fees
and costs are reasonable, and that Plaintiff should also be awarded $4,819.50
in fees incurred in preparing the Reply for a total of $40,989.50.  [Id. at 7-11.]

## III.   Discussion

### A.    Federal Rule of Civil Procedure 37(a)(5)(A)

Rule 37(a)(5)(A) provides that if a motion to compel discovery is
granted, as it was here,

> the court *must*, after giving an opportunity to be heard, require the
> party or deponent whose conduct necessitated the motion, the party
> or attorney advising that conduct, or both to pay the movant's
> reasonable expenses incurred in making the motion, including
> attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  However, "the court must not
order this payment if: (i) the movant filed the motion before attempting in
good faith to obtain the disclosure or discovery without court action; (ii) the
opposing party's nondisclosure, response, or objection was substantially
justified; or (iii) other circumstances make an award of expenses unjust."  *Id.*

The Supreme Court and the Ninth Circuit have offered guidance
regarding the standard for establishing "substantial justification" sufficient
to avoid a discovery sanction.  The Supreme Court has explained that the
standard is "satisfied if there is a 'genuine dispute'... or 'if reasonable people
could differ as to the appropriateness of the contested action.' "  *Pierce v.
Underwood*, 487 U.S. 552, 565 (1998) (citations and alterations omitted).  In
*Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994), the Ninth Circuit
stated that "a good faith dispute concerning a discovery question might, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                                Date.  May 12, 2025

Title       *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

the proper case, constitute 'substantial justification ....' " (citation omitted);
*see also Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir.
1982), *overruled on other grounds as stated by Molski v. Evergreen Dynasty
Corp.*, 500 F.3d 1047, 1055 n.2 (9th Cir. 2007) (A party's conduct is
substantially justified "if reasonable people could differ as to whether the
party requested must comply.").

The losing party to a discovery motion bears the burden of
demonstrating substantial justification or unjust circumstances.  *See Hyde &
Drath*, 24 F.3d at 1171; *see also RG Abrams Ins. v. Law Offices of C.R.
Abrams*, 2021 WL 4972626, at *3 (C.D. Cal. July 19, 2021).  If the non-
prevailing party can demonstrate "substantial justification" for its motion,
nondisclosure, or opposition, Rule 37 provides that the court must deny
sanctions.  Fed. R. Civ. P. 37(a)(5)(A)(ii).  "There is no bright line standard for
'substantial justification,' and courts must use discretion when deciding
whether opposition to a motion to compel is substantially justified."  *W. Air
Charter v. Schembari*, 2018 WL 6537158, at *5 (C.D. Cal. Apr. 9, 2018) (citing
*Brown v. Iowa*, 152 F.R.D. 168, 173 (S.D. Iowa 1993)).  "[C]ourts have
generally focused on 'the quality of the justification and the genuineness of
the dispute [and whether] an impartial observer would agree that a party
had good reason to withhold discovery [ ]' when determining whether
opposition is substantially justified."  *Brown*, 152 F.R.D. at 173 (quoting
*Alvarez v. Wallace*, 107 F.R.D. 658, 662 (W.D. Tex. 1985)).

## B.    **Defendant's Position Was Not Substantially Justified
Under Rule 37(a)(5)(A)(ii)**

The parties dispute whether Defendant's position regarding RFP No.
24 was substantially justified.  Plaintiff argues that Defendant's position was
completely unjustified because Defendant's objections made on
relevance/proportionality grounds were boilerplate and there was no
meaningful effort made to substantiate them.  [Dkt. No. 281 at 7-8, 12-19.]
Plaintiff further argues that Defendant's response to RFP No. 24 provided no
explanation as to why responsive documents were protected by the attorney-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-6989-MCS-PDx                          Date.  May 12, 2025

Title      _Scott Hargis v. Pacifica Senior Living Management LLC, et al._

client privilege or work product doctrine. [Id.]  Plaintiff asserts that it
attempted to avoid this discovery dispute by providing Defendant with
binding Ninth Circuit authority on whether the documents responsive to RFP
No. 24 were privileged.  [Dkt. No. 281-1 at 14-15.]

Defendant responds that its position was substantially justified and
argues that this discovery dispute was over one RFP concerning "putatively
privileged attorney-client communications."  [Dkt. No. 285 at 2.]  Defendant
argues that its principal objection based on attorney-client privilege was not
unreasonable and was supported by California Supreme Court caselaw
interpreting California's privilege statute, Evidence Code § 954, among other
things.  [Id.]  Defendant asserts it was substantially justified in declining to
produce information regarding who was paying its legal fees based upon its
conviction that such information was protectable under the attorney-client
privilege.  [Id. at 7.]

The burden is on Defendant to show that its objections to RFP No. 24
were substantially justified.  The Court in its March 10, 2025 Order
overruled Defendant's objections based on relevance and unduly burdensome.
[Dkt. No. 253 at 6-7.]  The Court held that "[a]s a judgment creditor, Plaintiff
is permitted to conduct discovery to identify assets, including assets that are
concealed or appear to belong to a third party, that could be used to satisfy
the judgment" and overruled Defendant's relevancy objection.  [Id. at 6-7.]
The Court also addressed Defendant's unduly burdensome objection stating:
"In fact, RFP 24 is expressly limited. … RFP 24 is limited to documents
sufficient to identify each party paying Defendant's attorney fees in this
action, the contact information of each party paying Defendant's attorney
fees, and how much each party is contributing to the payment of Defendant's
attorney fees.  Defendant has failed to establish that providing this
information would be unduly burdensome, and Defendant's objection on this
basis is therefore overruled."  [Id. at 7.]

Defendant has failed to substantiate how RFP No. 24 was irrelevant,
not proportional, overbroad, or unduly burdensome.  Accordingly, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-6989-MCS-PDx                          Date.  May 12, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

finds that Defendant's objections based on relevance and unduly burdensome
were not substantially justified.

Next, Defendant asserts that its attorney-client privilege objection had
merit, and it was substantially justified in declining to produce information
regarding who was paying its legal fees based upon its conviction that such
information was protectable under the attorney-client privilege.  [Dkt. No.
285 at 7-9.]  Defendant's privilege objection was based on the California
Supreme Court's decision in *L.A. County Board of Supervisors v. Superior
Court,* 2 Cal. 5th 282, 295 (2016), which held that under California law the
attorney-client privilege may extend to certain information contained within
legal services invoices even though the invoices themselves were not prepared
"for the purposes of legal representation."   Defendant relying on *L.A. County
Board of Supervisors,* asserts that its objection that documents concerning
who paid its legal fees in this action were covered by the attorney-client
privilege, is substantially justified.  [Id. at 9.]  Defendant also cites *Dorsey v.
Today's Health Care LLC*, 2016 WL 11964028, at *2 (D. Col. Dec. 15, 2016) in
support of its position that its refusal to provide "information about who is
paying its legal fees" was substantially justified and should not result in
sanctions.  [Id. at 8.]

Plaintiff argues that Defendant's opposition offers no authority for the
proposition that Defendant and its attorneys' attorney -client privilege and
work product doctrine objections were substantially justified under
controlling Ninth Circuit law.  [Dkt. No. 286 at 5.]  Plaintiff argues that
Defendant and its attorneys continue to rely on *L.A. County Board of
Supervisors*—a state court case interpreting California state law.  Here, the
underlying case is a copyright action filed in federal court interpreting federal
law.  As such, Plaintiff argues that Defendant and its counsel's reliance on
*L.A. County Board of Supervisors* was always unreasonable and frivolous.
[Id.]  Plaintiff further argues that Defendant's reliance on *Dorsey*, is
inapposite because it too interprets state law—this time Colorado.  [*Id*.]  The
Court agrees with Plaintiff.  Defendant provided no authority that would
permit it to withhold the identity of each party paying Defendant's attorney

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                                    Date.  May 12, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

fees, the contact information of that paying party, and how much that party is contributing to the payment.  Defendant and its attorneys' arguments regarding the attorney-client privilege and work product doctrine were contrary to federal law and not substantially justified. Therefore, the Court finds that Defendant fails to satisfy the substantial justification standard demonstrating a "genuine dispute" or that "reasonable people could differ as to the appropriateness of the contested action."  *See RG Abrams Ins.*, 2021 WL4972626, at *3.

## C.    The Reasonable Expenses Incurred by Plaintiff in Bringing the Motion to Compel

The Motion seeks attorney fees and costs.  [*See* Dkt. Nos. 281, 285, 286.]

### 1.    Legal Standard

Rule 37 provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard," require the party whose conduct necessitated the motion (or the attorney or both) "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except if "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

The Court "has great latitude in imposing sanctions" under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).  The purpose of the rule is to "protect courts and opposing parties from delaying or harassing tactics during the discovery process."  *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 208 (1999); *see also LM Ins. Corp. v. ACEO, Inc.*, 276 F.R.D. 592, 593 (N.D. Ill. Oct. 24, 2011) ("Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution ....").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                                      Date. May 12, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

As discussed above, Defendant's position was not substantially
justified, and no other circumstances make an award of expenses unjust.
Thus, reasonable Rule 37 sanctions are warranted.

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court
adopted the lodestar method for calculating attorney's fee awards. A court
determines the lodestar by multiplying the number of hours reasonably
expended on a particular motion by a reasonable hourly rate. *Id*. at 433.
"Although the district court's calculation of an award need not be done with
precision, some indication of how it arrived at its figures and the amount of
the award is necessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205,
1211 (9th Cir. 1986).

In determining the reasonable hourly rate of an attorney, courts must
look to the "rate prevailing in the community for similar work performed by
attorneys of comparable skill, experience, and reputation." *Camacho v.
Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted); *see
also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The
prevailing market rate in the community is indicative of a reasonable hourly
rate."). A party seeking attorney's fees must provide "satisfactory evidence ...
that the requested rates are in line with those prevailing in the community."
*Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A declaration regarding the
prevailing rate in the relevant community is sufficient to establish a
reasonable hourly rate. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998)
(internal citation omitted). "When a fee applicant fails to meet its burden of
establishing the reasonableness of the requested rates, however, the court
may exercise its discretion to determine reasonable hourly rates based on its
experience and knowledge of prevailing rates in the community." *Bademyan
v. Receivable Mgmt. Servs. Corp.*, 2009 WL 605789, at *5 (C.D. Cal. Mar. 9,
2009); *see Moreno v. Empire City Subway Co.*, 2008 WL 793605, at *7
(S.D.N.Y. Mar. 26, 2008) (stating that if fee applicant "has submitted no
evidence of the prevailing market rate for attorneys of like skill ... it is within
[the court's] discretion to determine the reasonable hourly rate ... based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  May 12, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

[the court's] familiarity with ... prevailing rates in the [relevant community]").

     In addition to establishing a reasonable hourly rate, a prevailing party in a discovery dispute seeking an award of attorney's fees "bears the burden of proving that the fees and costs taxed are ... reasonably necessary to achieve the result obtained." *Rucker v. Air Ventures Haw., LLC*, No. 16-00492 HG-KSC, 2017 WL 4158201, at *3 (D. Haw. Sept. 19, 2017) (citing *Tirona v. State Farm Mut. Auto Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993)).  However, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.  *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).  Ultimately, the court must review the time records submitted by the party seeking the fee award to determine whether the hours were reasonably incurred or if "any of the hours were unnecessary, duplicative or excessive," or inadequately documented.  *True Health Chiropractic Inc v. McKesson Corp.*, 2015 WL 3453459, at *1 (N.D. Cal. May 29, 2015) (internal citation omitted).

     Even if there is no objection to the number of hours of work performed by an attorney, district courts "may not uncritically accept a fee request, but must review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Open Source Sec., Inc. v. Perens*, 2018 WL 2762637, at *4 (N.D. Cal. June 9, 2018) (quoting *Common Cause v. Jones*, 235 F. Supp.2d 1076, 1079 (C.D. Cal. 2002)).  Courts may reduce the fee award where the billing records contain insufficiently descriptive entries, reflect block billing, or billing in large time increments. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947-48 (9th Cir. 2007). Moreover, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotation marks and citation omitted)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  May 12, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

### 2.    Reasonableness of Billing Rates

Plaintiff asserts that his counsel's billing rates are reasonable.  [Dkt. No. 281 at 23-24.]  Defendant "does not quibble with the lodestar rate applied for [Plaintiff's] counsel's services" in the instant Motion.  [Dkt. No. 285 at 9-10.]  Previously, the Court on March 4, 2025, issued an Order granting in part Plaintiff's motion for attorney's fees and costs and found that the billing rates charged by Plaintiff's counsel are reasonable.  [*See* Dkt. No. 251 at 6-7.]  For the reasons discussed in the Court's prior Order and the lack of objection by Defendant, the Court finds that the billing rates requested by Plaintiff are reasonable.

### 3.    Reasonableness of Total Hours Billed

On April 17, 2025, Plaintiff submitted the Declaration of John Tehranian, who is one of the attorneys representing Plaintiff in this matter.  [Dkt. No. 281-9.]  Attached to that declaration is a pdf with numerous redacted entries; the entries that are not redacted are descriptions of legal services and the fees requested.  [Dkt. No. 281-11.]  Plaintiff also attached a Fee Chart.  [Dkt. No. 281-12.]

| Task & Date | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| 10/16/2024 Prepare for and participate in meet and confer with M. Taggart; follow up emails | Skinner | 1.90 | $495 | $940.50 |
| 10/18/2024 Prepare new discovery dispute email; research case law to support positions in discovery dispute; gather exhibits in support of discovery dispute; circulate discovery dispute email to legal team for review and revisions. | Skinner | 5.20 | $495 | $2,574.50 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                              Date.  May 12, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| Task & Date | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| 10/21/2024 Finalize proposed discovery dispute email to Judge Donahue | Skinner | 3.20 | $495 | $1,584.00 |
| 11/18/24 Research re joint stipulation; begin drafting joint stipulation ISO mtn to compel; strategize with legal team re joint stipulation; review discovery to determine scope of RFPs. | Skinner | 6.90 | $495 | $3,415.50 |
| 11/18/24 Confer with C. Skinner regarding motion to compel hearing and strategy; confer with C. Skinner regarding results of hearing, briefing on ACP claim to fees payment issue, fees motion | Tehranian | 0.40 | $795 | $318.00 |
| 11/19/24 Draft and finalize joint stipulation re attorneys' fees documents. | Skinner | 7.80 | $495 | $3,861.00 |
| 11/19/24 Confer with C. Skinner regarding motion to compel joint stipulation; review and analyze same; revise same and draft notes to C. Skinner regarding same | Tehranian | 1.10 | $795 | $874.50 |
| 11/22/2024 Work on attorneys' fees issue; emails with client; research further case law to use in supplemental brief. | Skinner | 2.60 | $495 | $1,287.00 |
| 12/5/2024 Outline and research supplemental briefing | Mulvey | 1.00 | $495 | $495.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  May 12, 2025

Title      *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| Task & Date | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| 12/6/24 Review T. Mulvey draft of supplemental brief re attorneys' fees; emails with legal team re. same; research on legal issues raised by opposing counsel in their brief; revise draft supplemental brief; circulate updated draft brief to legal team for review and revisions. | Skinner | 5.20 | $495 | $2,574.00 |
| 12/6/2024 Draft supplemental briefing, correspondence with team re: same | Mulvey | 0.80 | $495 | $396.00 |
| 12/9/2024 Draft supplemental brief, conference with CS regarding the same | Mulvey | 5.40 | $495 | $2,673.00 |
| 12/10/2024 Review and revise supplemental briefing | Mulvey | 0.40 | $495 | $198.00 |
| 12/12/2024 Revise supplement response; draft comments with respect to same; confer with litigation team regarding same; review and analyze case law regarding alter ego pursuits in post-judgment discovery; confer with litigation team regarding same, finalization of brief and filing. | Tehranian | 1.50 | $795 | $1,192.50 |
| 12/12/2024 Review redlines to supplemental briefing, correspondence with TF re: same. | Mulvey | 0.50 | $495 | $247.50 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  May 12, 2025

Title     *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| Task & Date | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| 3/17/2025 Review motion to compel order; strategize with legal team re application for attorneys' fees and costs; outline draft application; begin researching substantial justification standard. | Skinner | 3.20 | $595 | $1,904.00 |
| 3/17/2025 Finalize research on substantial justification standard; research authority on holding counsel liable jointly and severally for sanction. | Skinner | 2.30 | $595 | $1,368.50 |
| 3/18/2025 Draft application for attorneys' fees and costs. | Skinner | 7.20 | $595 | $4,284.00 |
| 3/18/2025 review and analyze draft fees brief; revise same; draft notes regarding same; confer with C. Skinner regarding same. | Tehranian | 1.10 | $895 | $984.50 |
| 3/19/2025 Draft application for attorneys' fees and costs; collect exhibits; draft proposed order; draft motion; draft Skinner and Tehranian Declarations. | Skinner | 8.10 | $595 | $4,819.50 |
| 3/19/2025 confer with C. Skinner regarding fees motion revisions, billing records and finalization | Tehranian | 0.20 | $895 | $179.00 |

[*See* Dkt. No. 281-12, Fee Chart to Tehranian Decl.]  The total amount set forth in the above chart is $36,170.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-6989-MCS-PDx                                    Date.  May 12, 2025

Title      _Scott Hargis v. Pacifica Senior Living Management LLC, et al._

Plaintiff submitted a Supplemental Skinner Declaration that attaches an updated fee chart for tasks performed in preparing the Reply on April 30, 2025. [Dkt. Nos. 286-1, 286-2.]  The Court presumes that the entries for October 16, 2024 through the first two entries for March 19, 2025, are identical to those in the records submitted at Dkt. No. 281-12.

The supplemental entries are as follows:

| Task & Date | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| 04/30/25 Review Defs. Opposition to fee application; research case law cited in Opposition brief; research counter-authority to arguments made in Opposition brief; outline Reply brief; draft Reply ISO fee application; draft declaration ISO Reply brief; work with L. Thomas to finalize and file Reply brief. | Skinner | 8.10 | $595 | $4,819.50 |

[Dkt. No. 286-2.]  These additional entries total $4,819.50.  Added to the $36,170, the total fees requested is $40,989.50.

Defendant contends that the Court should deny Plaintiff's application for attorney's fees because Defendant's position was substantially justified within the meaning of Fed. R. Civ. P. 37(a)(5)(A)(ii).  [Dkt. No. 285 at 2.]  Alternatively, Defendant proposes that the Court limit any award of attorney's fees to $15,000 total.  [Id. at 3.]

Defendant argues that Plaintiff's request for $36,170 in attorney's fees and expenses is excessive and should be significantly reduced even if the Court concludes that Defendant's position was not "substantially justified" within the meaning of Fed. R. Civ. P. 37(a)(5)(A)(ii).  [Dkt. No. 285 at 9.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No. 2:22-cv-6989-MCS-PDx                         Date.  May 12, 2025


Title     *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*


First, Defendant contends that Plaintiff should not be permitted to recover
the additional $4,009.50 in fees for 8.1 hours of work from an additional
attorney (Ms. Mulvey) because two attorneys should have been sufficient for
this process spread out over a long period.  [Id. at 10.]  Second, Defendant
argues that 66 hours is excessive for the work performed through the filing of
the Motion.  [Id.]  Defendant argues that the attorney time is largely
unsubstantiated because some of the time spent for each described task is
prima facie unreasonable and in other instances, Plaintiff's counsel
impermissibly block-bills entries making it impossible for Defendant to
delineate whether the time spent for each discrete task is unreasonable.  [Id.]
In particular, Defendant takes issue with two entries: (1) 5.2 hours spent by
Mr. Skinner on October 18, 2024 to draft an email, research case law, and
gather possible exhibits for a motion that would not be filed until nearly five
months later; and (2) 6.9 hours spent by Mr. Skinner on October 21, 2024 for
drafting a joint stipulation followed by another 7.8 hours spent by Mr.
Skinner on November 19, 2024 for finalizing the joint stipulation.  Defendant
further argues that time spent meeting and conferring is not time that is
recoverable, and therefore, the 1.9 hours spent by Mr. Skinner to do so on
October 16, 2024 should not be awarded citing *Aevoe Corp. v. AE Tech Col.,
Ltd.*, 2013 WL 5324787, at *6 (D. Nev. Sept. 20, 2013) ("the time spent
meeting and conferring should not be recoverable.")


       In response to Defendant's first argument concerning cutting the
$4,009.50 fees for Ms. Mulvey, Plaintiff asserts that Defendant and its
attorneys have offered no legal authority in support of their position, and it is
commonplace in the legal field for law firms to layer their work between
multiple attorneys to create the best work possible. [Id.]  Second, to the
extent Defendant complains about the amount of time billed on the
underlying discovery dispute, Plaintiff argues that it was forced to litigate
this discovery dispute from October 2024 until May 1, 2025 due to
Defendant's actions.  [Id.]  Further, to the extent Defendant complains about
alleged block-billing, Plaintiff argues that Defendant made this argument
before, and the Court did not entertain the argument in its March 4, 2025
Order granting attorney's fees.  [Id. at 9.]  Plaintiff asserts that its counsel's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  May 12, 2025

Title      _Scott Hargis v. Pacifica Senior Living Management LLC, et al._

time entries are not block billed, because all of the tasks are related to the
underlying discovery dispute and Plaintiff's attempt to compel Defendant to
produce documents responsive to RFP No. 24, by filing a motion to compel
and the instant application for attorney's fees.  [Id.]  Plaintiff further argues
that even if the Court finds that Plaintiff's counsel engaged in block billing,
that alone does not make the fees subject to dramatic reductions.  [Id. at 9.]

    "It is 'for the court to decide what amount is proper' in evaluating a
request for expenses."  _Vargas v. Quest Diagnostics_, 2021 WL 4642785, at *1
(C.D. Cal. Sept. 8, 2021).  Because the objections to RFP No. 24 based on
relevance, proportionality, burdensome, and overbroad were boilerplate and
the assertions of attorney-client privilege and work product doctrine made by
the Defendant were not substantially justified, the Court will award the
reasonable fees expended by Plaintiff in preparing the Motion to Compel and
the instant Motion for Fees.  Defendant has not set forth any other
circumstances that would make an award of expenses unjust.  However, the
Court stresses that this award includes only fees incurred in drafting the
Motions and may not include fees or costs incurred in meeting and
conferring, or duplicative tasks.  _See Brown v. City of Glendale_, No. CV-18-
01267-PHX-DWL, 2019 WL 3412585, at *4 (D. Ariz. July 29, 2019) ("[A]
movant can't request reimbursement under Rule 37(a)(5) for all of the time
spent reviewing deficient discovery responses and meeting-and-conferring
with opposing counsel over the course of a case."); _see also Edge Sys. LLC v.
Ageless Serums LLC_, 2022 WL 2093850, at *8 (C.D. Cal. Feb. 1, 2022)
("[C]osts incurred in preparing for and participating in an informal discovery
conference, the purpose of which is to avoid motion practice, seemingly
appear to fall outside the purview of Rule 37(a)(5).").

    The Court has discretion to impose fees against the party whose
conduct necessitated the motion to compel, the party or attorney advising
them, or both. Fed. R. Civ. P. 37(a)(5)(A).  "If the fault lies with the attorneys,
that is where the impact of sanction should be lodged.  If the fault lies with
the clients, that is where the impact of the sanction should be lodged."
_Brown_, 2019 WL 3412585, at *5 (quoting _Matter of Baker_, 744 F.2d 1438,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  May 12, 2025

Title    _Scott Hargis v. Pacifica Senior Living Management LLC, et al._

1442 (10th Cir. 1984)).  Because the Court has no reason to believe that
either Defendant or their counsel are individually responsible for the
discovery objections, they will be held jointly and severally liable for the
amount of the fee awarded.  _Cf. Vargas_, 2021 WL 4642785, at *2 ("I have no
reason to believe that the litigation strategy that Quest's lawyers pursued in
this discovery matter was made without the company's involvement and
approval. Therefore, Quest and its lawyers are jointly and severally liable for
payment of the award.").

After carefully reviewing the entries, the Court concludes that those
listed below are sufficiently detailed and related to tasks that resulted from
Defendant's unjustified position declining to produce responsive documents to
RFP No. 24 based on the attorney-client privilege and work product doctrine.
The Court also concludes that the number of hours, with the exceptions noted
below, was reasonable.  Entries indicating that more than one attorney
performed the same task have been removed, as it is not reasonable to
require Defendant to pay for duplicative work.

| Task & Date | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| 11/18/24 Research re joint stipulation; begin drafting joint stipulation ISO mtn to compel; strategize with legal team re joint stipulation; review discovery to determine scope of RFPs. | Skinner | 6.90 | $495 | $3,415.50 |
| 11/18/24 Confer with C. Skinner regarding motion to compel hearing and strategy; confer with C. Skinner regarding results of hearing, briefing on ACP claim to fees payment issue, fees motion | Tehranian | 0.40 | $795 | $318.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                               Date.  May 12, 2025

Title    *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| Task & Date | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| 11/19/24 Draft and finalize joint stipulation re attorneys' fees documents. | Skinner | 7.80<br><br>** Cut by half to 3.90 | $495 | $3,861.00<br><br>**Cut by half to $1930.50 |
| 11/19/24 Confer with C. Skinner regarding motion to compel joint stipulation; review and analyze same; revise same and draft notes to C. Skinner regarding same | Tehranian | 1.10 | $795 | $874.50 |
| 11/22/2024 Work on attorneys' fees issue; emails with client; research further case law to use in supplemental brief. | Skinner | 2.60 | $495 | $1,287.00 |
| 12/6/24 Review T. Mulvey draft of supplemental brief re attorneys' fees; emails with legal team re. same; research on legal issues raised by opposing counsel in their brief; revise draft supplemental brief; circulate updated draft brief to legal team for review and revisions. | Skinner | 5.20 | $495 | $2,574.00 |
| 12/12/2024 Revise supplement response; draft comments with respect to same; confer with litigation team regarding same; review and analyze case law regarding alter ego pursuits in post-judgment discovery; confer with | Tehranian | 1.50 | $795 | $1,192.50 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                          Date.  May 12, 2025

Title     *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| Task & Date | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| litigation team regarding same, finalization of brief and filing. | | | | |
| 3/17/2025 Review motion to compel order; strategize with legal team re application for attorneys' fees and costs; outline draft application; begin researching substantial justification standard. | Skinner | 3.20 ** Cut in half to 1.6 | $595 | $1,904.00 ** Cut in half to $952.00 |
| 3/17/2025 Finalize research on substantial justification standard; research authority on holding counsel liable jointly and severally for sanction. | Skinner | 2.30 ** Cut in half to 1.15 | $595 | $1,368.50 ** Cut in half to $684.25 |
| 3/18/2025 Draft application for attorneys' fees and costs. | Skinner | 7.20 **Cut in half to 3.6 | $595 | $4,284.00 **Cut in half to $2142.00 |
| 3/18/2025 review and analyze draft fees brief; revise same; draft notes regarding same; confer with C. Skinner regarding same. | Tehranian | 1.10 **Cut in half to .55 | $895 | $984.50 **Cut in half to $492.25 |
| 3/19/2025 Draft application for attorneys' fees and costs; collect exhibits; draft proposed order; draft motion; draft Skinner and Tehranian Declarations. | Skinner | 8.10 ** Cut by half to 4.05 | $595 | $4,819.50 **Cut by half to $2,409.75 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-6989-MCS-PDx                    Date.  May 12, 2025

Title     *Scott Hargis v. Pacifica Senior Living Management LLC, et al.*

| Task & Date | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| 3/19/2025 confer with C. Skinner regarding fees motion revisions, billing records and finalization | Tehranian | 0.20 | $895 | $179.00 |
| 04/30/25 Review Defs. Opposition to fee application; research case law cited in Opposition brief; research counter-authority to arguments made in Opposition brief; outline Reply brief; draft Reply ISO fee application; draft declaration ISO Reply brief; work with L. Thomas to finalize and file Reply brief. | Skinner | 8.10 | $595 | $4,819.50 |

The above fees total **$23,270.75**.

## IV.  Order

For the reasons set forth above, Defendant Pacifica Senior Living Management LLC and Defendant's law firm Lewis Brisbois Bisgaard & Smith LLP are ordered to pay Plaintiff Scott Hargis, d/b/a Scott Hargis Photo, **$23,270.75** jointly and severally, which are the reasonable fees and costs incurred by Plaintiff in bringing the motion to compel Defendant to produce documents responsive to RFP 24.

Defendant and Defendant's law firm Lewis Brisbois Bisgaard & Smith LLP shall pay this amount to Plaintiff no later than **May 30, 2025**.

IT IS SO ORDERED.