UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-06989-MCS-PD | Date | May 19, 2025 |
| Title | *Hargis v. Pacifica Sr. Living Mgmt. LLC* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: CERTIFICATION OF FACTS AND ORDER TO SHOW CAUSE (ECF NO. 266)**

Plaintiff and Judgment Creditor Scott Hargis filed a motion before Magistrate Judge Patricia A. Donahue for an order finding Defendant and Judgment Debtor Pacifica Senior Living Management, LLC, in civil contempt of Judge Donahue's December 19, 2024, order requiring an employee or agent of Defendant to appear at a discovery conference on January 7, 2025. (Mot., ECF No. 220-1.) Defendant opposed the motion. (Opp'n, ECF No. 223.) Judge Donahue issued an order granting the motion in part, (Order, ECF No. 267), and certified facts regarding Defendant's violation of her order and set an order to show cause why Defendant should not be adjudged in contempt before this Court pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), (OSC, ECF No. 266). The Court held a hearing on the order to show cause on April 21, 2025. (Mins., ECF No. 284.)

In her order of December 19, 2024, Judge Donahue ordered Defendant to produce documents by December 27, 2024, and, "if the production was not completed," required "an employee or agent of Defendant with knowledge of the requested documents" to attend a discovery conference in person on January 7, 2025. (OSC 5–6.) Defendant did not timely produce documents. (*Id.* at 6.) No employee or agent of Defendant with knowledge of the requested documents attended the

conference. (*Id.*) Defendant's chief financial officer, John Cunningham, elected to attend a business meeting instead of appearing in person at the hearing as ordered. (*See id.*)

After considering the parties' arguments at the hearing on the order to show cause, the Court concurs with Judge Donahue that "Plaintiff has shown by clear and convincing evidence that Defendant failed to comply with a clear and definite court order that an employee or agent of Defendant with knowledge of the requested documents must attend the Discovery Status Conference in person." (*Id.*) Defendant's representative elected to attend a business meeting instead of the discovery conference, which violated Judge Donahue's order beyond substantial compliance and was not based on a good faith and reasonable interpretation of the order. *Labor/Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009). Defendant's counsel argued at the hearing there was no bad faith, but no showing of bad faith or willfulness is required for a finding of civil contempt; intent "does not matter." *See In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). While "a party's good faith, even where it does not bar civil contempt, may help to determine an appropriate sanction," *Taggart v. Lorenzen*, 587 U.S. 554, 562 (2019), here the sanction Plaintiff proposed is reasonable and commensurate with the contempt given Mr. Cunningham's explanation that he elected to prioritize a business obligation over a court order, (*see* Proposed Order, ECF No. 220-4; Cunningham Decl. ¶¶ 3–5, ECF No. 223-1).

Accordingly, the Court orders as follows:

1. Defendant is in civil contempt of the Court's order of December 19, 2024 (ECF No. 212).
2. Defendant shall pay to the Court within 14 days a fine of $1,000 for its violation of the order.
3. Any future violations of the Court's orders by Defendant, after a hearing and an opportunity to be heard, shall result in a $1,000 fine per violation.[1]

**IT IS SO ORDERED.**

cc:  Fiscal Department

---

[1] Because Judge Donahue's order granting the motion in part addressed Plaintiff's request for fees to prepare the motion for contempt, (Order 3), the Court does not award further fees to Plaintiff at this time.